CITY OF ST. LOUIS, Respondent, v. GERT GOEBEL, Appellant.

*Notice—Service.*—The authority to enforce a fine for a misdemeanor must be strictly construed. Therefore, where the ordinance required that the party should be served with notice, the notice must be served upon the person of the party to be charged.

No briefs on file.

BATES, Judge, delivered the opinion of the court.

This was a proceeding by the City of St. Louis, before the recorder of the city of St. Louis, to recover of Goebel a penalty for not removing a dangerous wall upon his premises.

The proceeding is founded upon an ordinance of the city in relation to the inspection of buildings and the prevention of fires. The fifth section of that ordinance declares that any person who shall fail or refuse to conform to the instructions of the inspector, provided for by the previous sections of the ordinance, shall be deemed guilty of a misdemeanor, and on conviction thereof fined, &c.; " provided, however, that such party shall be served with a notice in writing, setting forth distinctly some one of the dangers herein before stated, with instructions to remedy the same without delay."

At the trial of this case in the St. Louis Criminal Court, (to which court it was taken by appeal from the recorder,) a notice in writing was given in evidence as follows:

" *To Gert Goebel.* Sir: You are hereby notified that the southern wall of your premises on Geyer avenue, west of Seventh street, is in a condition to endanger life or injure property. You are required to have the same removed or otherwise properly secured within twenty-four hours from the time of receiving this notice, otherwise I shall proceed as directed by law. Respectfully, &c.,

" J. E. D. COUZINS, Inspector."

The defendant admitted that that notice was delivered to his wife, at his usual place of abode, by the inspector, but did not admit the legality of the service, or that he ever, in

fact, saw or had knowledge of the notice. The Criminal Court held that the notice was sufficiently served.

This being a proceeding to enforce a fine against the defendant for a misdemeanor, the authority to do so must be strictly construed.

The ordinance says that "the party shall be served with a notice." A service upon any other person, however intimate her relations with the party may be, is not a compliance with the words of the ordinance, and we are not at liberty to presume facts in order to enforce a penalty upon a person against whom the facts are presumed.

Judgment reversed and cause remanded. The other judges concur.