Chicago & Alton R. R. Co. v. Maddox.

CHICAGO & ALTON RAILROAD COMPANY, *Appellant*, v. MADDOX *et al.*

1. **Injunction.** Injunction will not lie to restrain the tearing down of fences in obedience to the lawful orders of a court.

2. ———— : REMEDY AT LAW. Where the law affords an ample and adequate remedy, equity will not interfere.

| 92 | 469 |
|----|-----|
| 48a | 555 |
| 92 | 469 |
| 124 | 137 |
| 92 | 469 |
| 137 | 463 |
| 92 | 469 |
| 143 | 519 |
| 92 | 469 |
| 80a | 133 |
| 92 | 469 |
| 84a | 372 |
| 92 | 469 |
| 163 | 181 |

*Appeal from Audrain Circuit Court.*—HON. ELIJAH ROBINSON, Judge.

AFFIRMED.

*Macfarlane & Trimble* for appellant.

(1) A citizen cannot be deprived of his property without due process of law. Const. of U. S., art. 14, sec. 2; Const. of Mo., sec. 21, art. 2. (2) Property cannot be taken, or damaged, for public use, unless compensation be paid. Const. of Mo., sec. 30, art. 2. (3) The establishment of a public highway over a railroad is a taking within the meaning of the constitution. Mills on Eminent Domain, sec. 31; 1 Rorer on Railroads, p. 444, sec. 26; *Railroad v. Plymouth*, 14 Gray, 155; 1 Redf. on Railways, 400, sec. 13; *Railroad v. Railroad*, 30 Ohio St. 604; *Road Co. v. Renfroe*, 58 Mo. 265. (4) A railroad corporation is entitled to compensation for its property taken, or damaged, in the establishment of a public road over its track and right of way, under the constitution and laws of this state. Mills on Eminent Domain, sec. 33; Rorer on Railroads, 554; *Zuccarello v. Railroad*, 59 Tenn. 364; *Cropley v. O'Brien*, 24 Ind. 335; *Railroad v. Com'rs*, 14 Gray, 553; *Commissioners v. Holyoke*, 104 Mass. 457; *Railroad v. Mayor*, 46 Md. 425; *Railroad v. Railroad*, 121 Mass. 124; *Railroad v. Railroad*, 2 Vroom, 205; *B. & H. Turnpike v. Railroad*, 35 Ind. 224; *Railroad v.*

*Bloomington*, 76 Ill. 447. (*a*) It has been held that an act providing for crossing a railroad by a public highway, without compensation, was constitutional (24 N. Y. 345), but it is also held by the same court that an express act is necessary. *Prospect Park Co. v. Williamson*, 91 N. Y. 552 ; Mills on Eminent Domain, sec. 45 ; *Railroad v. Railroad*, 75 Va. 780 ; see note to case 14, A. & E. Ry. Cas. 41. No statute of this state authorizes such appropriation without compensation. (*b*) There is no statutory authority in this state to lay a highway across a railroad, but such authority may be implied under section 807, and the general road law. *Railroad v. Hannibal*, 49 Mo. 480. The proceedings would have to conform to the law as applied to individuals. *Road in Lancaster City*, 68 Pa. St. 396. (*c*) No damages were assessed, or paid, as required by sections 6937, 6938, and 6939, and the proceedings were null and void. *Leslie v. St. Louis*, 48 Mo. 477 ; *Whitely v. Platte Co.*, 73 Mo. 30 ; *Colville v. Judy*, 73 Mo. 651 ; *Anderson v. Pemberton*, 89 Mo. 61. (5) The answer of defendants was insufficient to justify the officer. It should have shown jurisdiction, that proper proceeding had been taken, and compensation paid. R. S. 1879, sec. 6939 ; Cooley Const. Lim. 527 ; *Ellis v. Railroad*, 51 Mo. 200 ; *Cunningham v. Railroad*, 61 Mo. 33 ; *Railroad v. Campbell*, 62 Mo. 585.

*George Robertson* and *T. B. Buckner* for respondents.

(1) The original notice put up by the petitioners was notice to the plaintiff that proceedings were begun, and was sufficient to give the court jurisdiction over plaintiff for the purpose of establishing a public road. (2) The order of the county court in the hands of R. A. Byrnes, the road overseer, is his protection, and if it will avail as a defence for a trespass committed, it will certainly be a protection to him in proceedings to re-

strain the commission of the trespass. *Dunbar v. Weightman*, 51 Mo. 432; *Carpenter v. Graham*, 59 Mo. 247. (3) The plaintiff corporation took its right of way subject to the right of the public to have common highways constructed across its track, whenever the public exigency might demand it. *Railroad v. Railroad*, 44 Am. Rep. 799; *Railroad v. Railroad*, 105 Ill. 110; *Railroad v. Railroad*, 30 Ohio St. 604; *Railroad v. Railroad*, 121 Mass. 125. (4) The county court had the same jurisdiction over the appellant that it had over any other land owner along the line of the railroad, and its judgment is equally binding on it. R. S., secs, 6935-6. (5) The appellant had its day in court when it appealed from the judgment of the county court. A court of equity will not lend its aid where, as in this case, there was an adequate remedy at law. (6) The reply to defendants' answer, filed by appellant, fails to aver that no commissioners were appointed to assess its damages, but simply avers that no damages were assessed or paid. The truth is, commissioners were appointed, and, in their opinion, appellant was entitled to " no damages."

SHERWOOD, J.—The plaintiff had no standing in a court of equity to enjoin the defendants from tearing down its fences in obedience to the order of the court lawfully issued. If, as is alleged in the reply, the commissioners appointed for the purpose of assessing damages, assessed none to plaintiff, and made no report on the subject of plaintiff's damages, this furnishes no ground for the interposition of a court of equity, for the reason that the statute affords a remedy by granting an appeal; the rule being, as has so often been announced by this court, that, where the law affords a remedy ample and adequate, equity declines to interfere. *Shelbina Hotel Ass'n, v. Parker*, 58 Mo. 327; *Kelly v. Hurt*, 74 Mo. 561; *Bobb v. Graham*, 89 Mo. 200.

This results in affirming the judgment. All concur.