JOHN W. CONWAY, Respondent, v. ROBERT CAMPBELL et al., Defendants; ADAM J. CAMPBELL, Appellant.

St. Louis Court of Appeals, December 24, 1889.

Notice to Sue: SERVICE OF NOTICE UNDER STATUTE CONCERNING SURE-TIES AND THEIR DISCHARGE. Section 3898, Revised Statutes, 1879, in so far as it provides that a notice from a surety on a bond, bill or note, to the holder thereof, may be served by the delivery of a copy to the person notified, contemplates a personal service, that is a delivery directly to the person notified, and is not satisfied by proof of the proper mailing of the notice, and receipt thereof through the post.

*Appeal from the Scotland Circuit Court.*—HON. BEN. E. TURNER, Judge.

AFFIRMED.

*Smoot & Pettingill,* for the appellants.

The notice required by the statute in this case is not an original process, and there is no form of notice, except original process, which may be invalidated by reason of its being served in an improper manner, provided it be received in due time. . Wade on Notice [1 Ed.] sec. 1337; *Burdett v. Lewis,* 7 C. B. (N. S.) 791. A notice by letter received in a case like this, by due course of mail, is sufficient. *Meriden, etc., Co. v. Flory,* 7 N. E. Rep. 753; Wade on Notice [1 Ed.] sec. 1337. There can be no question but that the notice was good in form, the statute being remedial. *Routon's Adm'r v. Lacy,* 17 Mo. 399. The contents of the notice may be proved by parol testimony, and in cases of this kind a notice to Conway to produce at the trial the original notice was unnecessary. *Christy's Adm'r v. Horne,* 24 Mo. 242; *Johnston v. Mason,* 27 Mo. 511.

*Mudd & Wagner* and *McKee & Jayne*, for the respondent.

The evidence of the service of notice, offered by the appellants, was incompetent. R. S. 1879, secs. 3896, 3897, 3898; *Hyde v. Goldsby*, 25 Mo. 29; *Fuler v. McClure*, 25 Mo. 418; *Sapington v. Jeffries*, 15 Mo. 629; *Christy's Adm'r. v. Horne*, 24 Mo. 242.

Briggs, J., delivered the opinion of the court.

This action is brought on a promissory note against the defendants, Robert and Adam Campbell. There was a judgment in the circuit court against both defendants. It was admitted on the trial that Robert Campbell was the principal in the note, and that Adam Campbell signed it as surety. The principal in the note made no defense, but Adam Campbell interposed the defense, that he had served a written notice on the plaintiff to bring suit on the note against the parties liable for its payment, and that the plaintiff had failed to do so within the time required by the statute. The plaintiff denied that the notice had been served on him.

The note sued on was due October 3, 1885, and suit was begun on the eleventh day of April, 1888; the case was submitted to the court sitting as a jury. On the trial, the defendant Adam Campbell in support of his defense offered to prove that, on the sixth day of February, 1886, he served a notice on the plaintiff, to bring suit on the note, by sending it through the post office; that the notice, so sent, was enclosed in an envelope, properly sealed, postage prepaid, and addressed to the plaintiff at his post-office address in Scotland county, and that the plaintiff had admitted that he received this notice. The plaintiff objected to this evidence, and the court held it to be inadmissible, and rendered judgment against both defendants. Adam Campbell has brought the case to this court by appeal,

and assigns for error the action of the court in excluding the evidence offered by him. This ruling of the court is the only question presented by the record for review.

The solution of the question, involved in this appeal, depends upon the construction to be given to section 3898, Revised Statutes of 1879. The two preceding sections provide that a surety in any bond, bill or note may, by notice in writing, compel the holder of such an obligation to sue the principal and other parties liable for its payment; and, if the owner of the obligation fails to bring such suit within thirty days after such notice has been properly served, then such surety will be exonerated from liability to the person so notified. Section 3898 provides how this notice shall be served, and it reads as follows: ·· The notice required above *shall be served by delivering a copy thereof* to the person having the right of action on the instrument, or *leaving a copy at his usual place of abode* with some person of the family over the age of fifteen years." This section of the statute provides two modes for the service of such notices. It will only be necessary for us to discuss the first. This mode certainly contemplates a *strictly personal service.* The statute cannot be read in any other way. *Sapington v. Jeffries*, 15 Mo. 628. What is meant by *personal service?* Unless controlled by statute, the manner of making personal service must be by delivering the original or copy to the party, or by reading the notice to the person served. Wade on Notices [2 Ed.] sec. 1340. This excludes the idea of the service of such notices, by sending them through the mails. The service of a notice, by sending it through the post office, must be regarded as constructive service, as contradistinguished from strictly personal service. Wade on Notices, sec. 1343; *Rathbun v. Acker*, 18 Barb. 393. It would be perfectly competent for the legislature to provide for the service of any notice by

sending it through the post office, but it has not seen proper to do so in the enactment of this statute. Under statutes like this, a plaintiff has a right to stand on the strict letter of the law, and insist that the notice be conveyed to him in the prescribed method; and proof that such notice was actually received in some other way does not satisfy the law. *Hyde v. Goldsby*, 25 Mo. App. 29; *McGinniss, etc., Co. v. Taylor*, 22 Mo. App. 516; *Cosgrove v. Railroad*, 54 Mo. 495. The legislature evidently intended to make the contents of notices prescribed by this statute, and the time of service, susceptible of certain and definite proof. In this we think the lawmaking power acted very wisely. This object would certainly be attained, if the surety is required to retain a duplicate, and *direct personal service* on the holder of the instrument is exacted.

The judgment of the circuit court will be affirmed. All the judges concur.