Taylor v. Todd.

JOHN TAYLOR, Respondent, v. JAMES TODD *et al.*, Appellants.

St. Louis Court of Appeals, March 8, 1892.

1. **Eminent Domain** : JURISDICTION : NOTICE. In proceedings for the condemnation of land for public highways the essential steps pointed out by the statute must be strictly pursued, and it must affirmatively appear from the record of the proceeding that all such steps have been taken. *Held*, accordingly, that, in a proceeding to open a public road, the facts showing a compliance with the statutory requirements as to notice must affirmatively appear, and that a general recital in the record, that notice had been posted for the prescribed time, as required by law, will not suffice.

2. —— : —— : ——. Compliance with statutory provision as to notice is a prerequisite to the jurisdiction of the county court over the subject-matter ; therefore, the right of objection, owing to the want of such compliance, is not waived by the appearance of the objector at, and his participation in, the proceeding.

8. **Void Judicial Proceeding**: INJUNCTION. Equity will not enjoin a threatened proceeding under a void judgment for the opening of a county road through the land of the plaintiff, unless there be some special circumstance calling for the interposition of its aid on the ground of the inadequacy of the remedy at law.

4. Injunction: ABSENCE OF MERIT IN FACT IN APPLICATION. Moreover an injunction will not be granted to restrain the execution of a void judgment, when the claim for relief rests upon a mere clerical misprision in the record of the proceeding, is contrary to the truth and actual fact, and is probably against the real justice of the case ; as where, in a proceeding for the opening of a public road, notice has actually been given in the requisite manner, but the proceeding is invalid owing to the failure of the record to show the fact, and where the damages of the complainant have been assessed on his own application, and have been paid into court for his own use.

*Appeal from the Knox Circuit Court.*—HON. BEN. E. TURNER, Judge.

REVERSED AND REMANDED ( *with directions* ).

*L .F. Cottey*, for appellants.

(1) Appearance cannot confer any jurisdiction when the court has no jurisdiction over the subject-matter of the suit, but, on the other hand, appearance does confer jurisdiction of the person where the court by law has jurisdiction of the subject-matter of the suit. *Abernathy v. Moore*, 83 Mo. 65, 72 ; *Fields v. Maloney*, 78 Mo. 172, 183 ; *Rosenheim v. Hartsock*, 90 Mo. 357, 365 ; *Stearns v. Railroad*, 94 Mo. 317, 322 ; *Bell v. Nolan*, 99 Mo. 569, 577 ; *Posthlewaite v. Ghiselin*, 97 Mo. 423, 424. (2) The record entry of the county court in regard to notice was sufficient in a collateral proceeding like this under authority of *Dougherty v. Brown*, 91 Mo. 26, 30. A recital in the record that due legal notice was given is *prima facie* sufficient, and can only be rebutted by proof that in truth and in fact no notice was given. *Jenkins v. Harland*, 41 N. W. Rep. 1060 ; *Howell v. Redlow*, 24 Pac. Rep. 1109. (3) When a land-owner files a claim for damages caused by the location of a public road over his lands, he thereby waives all objections on the ground of irregularities in locating the road. *Davis v. Board*, 45 N. W. Rep. 249 ; *Cross v. City of Kansas*, 96 Mo. 16. The plaintiff was in the

county court in person and by attorney from the time the application was presented until the final order was made. He did not see proper to avail himself of the provisions of section 7801, Revised Statutes of 1889, which he might have done by taking an appeal to the circuit court. It is settled law in Missouri that, where a party has an adequate legal remedy, equity declines to interfere. *Railroad v. Maddox*, 92 Mo. 469, 471; *McClanahan v. West*, 100 Mo. 309, 323.

*W. C. Hollister, E. E. Chesney* and *M. D. Hollister*, for respondent.

THOMPSON, J.—The plaintiff is a land-owner in the town of Greensburgh, in Knox county. The defendant Todd is the road overseer of road district number 54, in Knox county, and the other three defendants are judges of the county court of Knox county. This is a suit in equity to restrain the defendants from opening a public road through the land of the plaintiff, which road has been established by a proceeding in the county court of Knox county. The judge of the circuit court of Knox county granted a temporary restraining order, and, on final hearing, the circuit court of that county granted a perpetual injunction according to the prayer of the petition. From this decree the defendants prosecute an appeal to this court.

The plaintiff predicates his right to relief upon two grounds: *First.* That the order of the county court establishing the proposed road is void on the face of the proceedings for want of jurisdiction. *Second.* That the defendant Todd, the road overseer, is about to commit such acts of trespass on the plaintiff's land, in opening the road, as will cause the plaintiff damages which will be irreparable in a legal sense. We will examine these two grounds separately.

I. The first ground on which the plaintiff predicates his claim for equitable relief is, that the statute relating to the laying out of public roads prescribes the

notice which shall be given in the following language :
"Notice of such intended application shall be given by
printed or written handbills, put up in three or more
public places in such municipal township or townships,
one of which to be put up at the proposed beginning
and one at the proposed termination of said road, at
least twenty days before the first day of a regular term
of the county court at which the petition is presented,
and which notice shall apply and be binding on corpor-
ations as well as on persons." R. S. 1889; sec. 7797.
The order of the county court of Knox county, estab-
lishing the road, recited the manner in which the
notice had been given in the following language :
"And said petition being read in open court, and fully
understood by the court, and it being proved to the
satisfaction of the court that at least twelve freeholders'
names are subscribed to said petition, who reside in the
municipal township of Greensburgh, through which the
road runs, three of whom live in the immediate neigh-
borhood of said proposed road, and that three notices
of the intended application for said public road were
posted in said township at least twenty days before
the first day of the term of this court, *as required by
law.*" The objection to these recitals is, that they do
not find and state the fact to be that one of the notices
was posted up at the proposed commencement, and
another at the proposed termination, of the proposed
road. The rule is well established in this state that,
proceedings for the condemnation of land for public
highways being contrary to the course of the common
law, the essential steps pointed out by the statute are
to be strictly pursued, and that the fact that every one
of such essential steps has been taken must *affirma-
tively appear* upon the record of the county court.
Such proceedings being proceedings *in rem*, the statu-
tory requirement as to the manner in which public
notice shall be given is necessary to the jurisdiction of
the county court *over the subject-matter*. As this

notice does not create a jurisdiction in the county court over the person of anyone, it cannot be waived by anyone by appearing in the county court, consenting to the proceedings or otherwise. Although we have been cited to decisions in other states holding that a recital in the order of the county court in general terms, such as the recital above quoted, is sufficient to show, *prima facie*, that the notice was given in the statutory mode, yet such is not the law of this state, as shown by a recent decision of the supreme court. In that case Mr. Justice Sherwood, in giving the opinion of the court, says : "The statement in the order reciting the fact of the filing of the petition, that due legal notice of the intended application was proved, does not meet the requirements of the statute, nor cause the necessary facts to *affirmatively appear.* * * * The fact of notice having been given in the mode pointed out by the statute is as much a jurisdictional prerequisite as is the residence of the statutory number of petitioners. If either be lacking, the jurisdiction fails, and for the obvious reason that such proceedings, being *in invitum* in derogation of common law and common right, are always regarded as *strictissimi juris*, and receive no help from intendments or implications, and so this court has repeatedly held." *Chicago, etc., Ry. Co. v. Young*, 96 Mo. 42, citing many previous decisions of the same court. We must, therefore, hold in the present case that the proceedings of the county court of Knox county, establishing the proposed road, were and are void for want of jurisdiction on the face of the record of the court, by reason of failing to recite the fact that one of the notices was posted up at the proposed beginning and the other at the proposed end of the proposed road, as required by the statute ; that the jurisdiction here spoken of is the jurisdiction of the court over the subject-matter ; and, hence, that this defect of jurisdiction has not been waived by any steps which may have been taken by the plaintiff in contesting

the proceedings, and in procuring an assessment of the damages sustained by himself, which proceedings are recited in the answer and proved in the evidence.

But does it follow from this that the plaintiff presented a case entitling him to equitable relief? Upon the trial it was admitted by counsel for the defendant that the record entries set out in the plaintiff's petition were properly set out, and thereupon the plaintiff rested his case, and gave no further evidence in the case. It thus appears that the plaintiff has rested his claim for equitable relief upon the naked ground that the defendants are about, under a void judgment of the county court of Knox county, to proceed to open a public road through his land. The rule in this state is that, in the absence of special circumstances calling for equitable interposition, a court of equity will not enjoin the execution of a judgment merely on the ground that it is void on its face. As was stated by our supreme court in a recent case: "It is charged in the petition that the partition proceedings are void on their face. If this is true, the plaintiffs have stated themselves out of court; for in such a case the remedy at law by action of ejectment would be adequate and ample." *McClanahan v. West*, 100 Mo. 323. This language furnishes the keynote to the doctrine on the subject in this state. It is that, where a judgment is void on its face, all who attempt to execute it become trespassers *ab initio*, and that equity will not enjoin its execution except in cases where it would enjoin the commission of a trespass; since in ordinary cases the complainant has an ample remedy at law. The following among other cases state and apply this doctrine: *Chicago, etc., Ry. Co. v. Maddox*, 92 Mo. 469; *St. Louis, etc., Ry. Co. v. Reynolds*, 89 Mo. 146; *Stockton v. Ransom*, 60 Mo. 535; *Bear v. Youngman*, 19 Mo. App. 41.

The right, then, to an injunction against the trespass, which will be committed in the execution of a void judgment, rests upon the same ground as the right to an

injunction to restrain the execution of a similar trespass, where the person threatening the injury is not proceeding to execute a pretended judgment. Here, again, the general rule is that, in the absence of special circumstances calling for equitable interposition, an injunction will not be granted to prevent the threatened execution of a trespass, because in such cases the complainant generally has an adequate remedy at law. *Boeckler v. Railroad*, 10 Mo. App. 453, where the question is examined ; *Bailey v. Wade*, 24 Mo. App. 189 ; *James v. Dixon*, 20 Mo. 80 ; *Burgess v. Kattleman*, 41 Mo. 480 ; *Eichelkamp v. Schrader*, 45 Mo. 505 ; *Weigel v. Walsh*, 45 Mo. 560. Circumstances which take the case out of this rule and entitle the complainant to equitable relief are suggested in some of these cases, and in others where the relief was granted. Among these are the insolvency of the person threatening the trespass (*Boeckler v. Railroad, supra*); the fact that the trespasser was engaged in removing a valuable building, the immediate and continuous use of which was important to the complainant in his business (*State Savings Bank v. Kercheval*, 65 Mo. 688 ); the fact that the trespass complained of was continuous in its nature, involving a frequent interruption of the plaintiff's business, entailing upon him, besides other inconvenience, a loss of profits, an interruption of his business, producing consequential damages which could not be estimated in an action at law, and requiring for its redress a multiplicity of actions at law. *Turner v. Stewart*, 78 Mo. 480.

To these, according to a holding of the supreme court, binding upon us as authority, must be added the case where the defendants are about to open a road through the plaintiff's premises, and for that purpose are about to cut the plaintiff's timber and hedges, and remove his fences, thereby exposing his crop and fruit trees, his meadows and his pasture land to the depredation of domestic animals running at large,—in which

case it is held not necessary, in order to entitle the plaintiff to relief by injunction.to aver and prove that the defendants are insolvent, the view of the court being that such injuries are irreparable in a legal sense. *McPike v. West*, 71 Mo. 199. The plaintiff has drawn his petition to meet the doctrine of this case. It alleges that "by virtue of said proceedings the defendant, Jerome Todd, as road overseer of said road district, is now threatening to tear down the plaintiff's inclosure and fences, and to remove his fences, and to cut down his hedge, and to destroy his crops now growing on said lands, and to take possession of a portion of said land for the pretended purpose of locating and opening said pretended public road," etc. But, unfortunately for this ground of equitable relief, the plaintiff gave no evidence whatever, tending to make out a case of the irreparable damages here stated ; no evidence that the defendant Todd was threatening to tear down any fences or inclosures, or that the plaintiff had any fences or inclosures ; no evidence that the defendant Todd was threatening to cut down the plaintiff's hedge, or that the plaintiff had any hedge ; no evidence that the defendant Todd was threatening to destroy the crops growing on the said land, or that any crops were growing on said land. Nor does the answer admit these allegations of the plaintiff's petition. We must, therefore, hold that this is a case where the plaintiff is seeking to enjoin a bare trespass upon his land, about to take place in the execution of a judgment or order of the county court of Knox county which is void on its face, without showing any circumstances which call for equitable interposition. It results from this that the judgment of the circuit court awarding the injunction must be reversed.

Further considerations will make it appear that the ends of justice will not be subserved by remanding this case for another hearing. The plaintiff, in his petition, after stating the facts already considered, going to

show that the order of the county court of Knox county opening the proposed road is void on its face for the failure to show affirmatively that the notice required by the statute was posted both at the commencement and termination of the proposed road, proceeds to say: "And the plaintiff further states that, *in truth and in fact*, there was no legal and proper notice given by the pretended petitioners, or anyone whomsoever, of the presentation of said petition to the county court of Knox county, Missouri, and that said pretended notices were not posted up in three public places in Greensburgh township, Knox county, Missouri; neither were said pretended notices printed or written handbills; neither was one of said notices posted up at the proposed beginning of said proposed road; nor was one of said pretended notices posted up at the proposed termination thereof; neither were said notices posted up twenty days before the first day of the county court of Knox county, Missouri, at which said petition was presented, and said pretended notices were illegal and unlawful and worthless as notices, as the same were not signed by any person whomsoever, and did not state who would present said pretended petition to the county court of Knox county, Missouri, nor when nor where the same would be presented." These allegations were traversed by the answer. The plaintiff gave no evidence in support of them, but the defendant gave evidence tending to negative them. The defendant showed by the testimony of David Brown, the leading petitioner for the proposed road, that notices were posted up at the beginning and the end of the proposed road twenty-three days prior to the meeting of the county court; and the defendant offered other witnesses to prove the same fact, but the court ruled out the testimony. The defendant also offered to prove by witnesses that proof of this fact had been made in the county court before the order establishing the road was passed, but the court also ruled out this testimony. We must, therefore, conclude that this was a case

where the county court had jurisdiction to establish the proposed road in point of fact, and that the only defect in its proceedings consists in the clerical misprision of failing to recite in distinct terms a jurisdictional fact in the order establishing the road.   There is room for the view that, in establishing roads, county courts act *ministerially* ( *Aldridge v. Spears*, 101 Mo. 405, affirming s. c., 40 Mo. App. 527 ) ; and, whether they act ministerially or judicially, it is quite possible that a jurisdictional defect in their proceedings may be amended, according to the truth and the fact, after the lapse of the term at which the proceeding took place.   However this may be, it has been made plain by what has been stated that the plaintiff, in seeking this injunction, is proceeding upon ground of the barest technicality ; that he is asking a court of conscience to grant him equitable relief on account of a mere clerical misprision resulting in a defect in a judicial record, and contrary to the real truth, the real fact and probably the real justice of the case.   Courts of equity do not extend their extraordinary relief to suitors in such cases and upon such grounds.

- If we consider the further fact that the only damage which the plaintiff has shown is the expropriation to the purposes of a public highway of about two acres of his land, for which damages have been assessed upon his own application by a jury in the sum of $75, which sum has been paid into court, and there remains to his use, and awaiting his pleasure, we are further warranted in concluding that this proceeding is so far destitute of equity as to require us to put an end to it without putting the defendants to the expense of another trial.

The judgment of the circuit court will be reversed and the cause remanded with directions to enter a decree for the defendants.   The defendants may then move for assessment of damages on the injunction bond, if so advised.   It is so ordered.   All the judges concur. Judge BIGGS in the result.