## N. N. ALLEN, Appellant, v. JAMES WELCH, Appellant.

### Kansas City Court of Appeals, May 6, 1907.

1. **PRIVATE ROADS: Service of Notice: Jurisdiction.** The statute relating to establishment of private roads requires a copy of the petition and the notice of the day on which it will be presented to be served on the owner of the land through which the road is to pass. *Held*, the service of such process on the wife of the landowner is insufficient to bring him in or to give the court jurisdiction.

2. ——: ——: ——: **Appearance: Public Roads.** While in public roads the service to give jurisdiction must be in the manner provided in the statute, yet in case of private roads the proceeding is in the nature of a civil action and the contention is between the owner and the petitioner, and an appearance to the merits by the land owner is sufficient to give jurisdiction.

3. ——: **Office of Jury: Statute: Common Law.** At common law the right to trial by jury did not exist, and under the statute in the proceeding to open private roads the question of damages alone is confined to the jury; the necessity, dimensions and course of the road being for the court alone.

4. ——: **Appeals: Judgment: Trial Practice.** When a proceeding to open a private road is appealed from the circuit court and the proceeding is approved then the latter court should render a judgment establishing the road.

Appeal from Chariton Circuit Court.—*Hon. John P. Butler,* Judge.

REVERSED AND REMANDED.

*Crawley & West* for appellant.

(1) In a proceeding to establish a private road the appeal is governed by sections 1674 and 1788, Revised Statutes 1899, and when the case reaches the circuit court it is tried *de novo* and without regard to errors committed by the county court. Colville v. Judy, 73 Mo. 651; Bennett v. Hall, 184 Mo. 407. (2) The defendant's 'motion, which he filed in the circuit court, praying the court to dismiss the proceeding on the ground that the record of the county court failed to show that it had acquired jurisdiction over the person of the defendant or the land sought to be condemned, was properly overruled. (3) The case stood for trial *de novo* in the circuit court, so it could make no possible difference what the finding of the county court was in that regard. Bennett v. Hall, supra. (4) The defendant waived the question by his appearance. See authorities cited under next section. (5) The defendant having appeared generally in the county court, making motions and arguing them and agreeing to a continuance, having appealed from that court to the circuit court, and having appeared generally in the circuit court, waived any question as to whether or not he had been served with notice. Railroad v. Donovan, 149 Mo. 93; Union Depot Co. v. Frederick, 117 Mo. 138; Tarkio v. Clark, 186 Mo. 289; Hilton v. St. Louis, 99 Mo. 199. (7) The action of the court in submitting no other question to the jury than the amount of damages was proper. R. S., 1899, sec. 9464; St. Joseph v. Geiwitz, 148 Mo. 216. (8) The instruction offered by the defendant telling the jury that it devolved upon the petitioner to prove all the facts set out in his petition was

properly overruled for two reasons. Remmler v. Schenuit, 15 Mo. App. 192; Proctor v. Loomis, 35 Mo. App. 482; Commission Co. v. Hunter, 91 Mo. App. 333. (9) The trial in the circuit court being *de novo*, that court should have made a finding upon all the issues in the case, and, the petitioner having made proof of facts entitling him to the establishment of the road petitioned for, the court should have made an order establishing the road.

*O. P. Ray* and *J. A. Collet* for respondent.

(1) The statute providing for service of notice upon a landowner through whose land a proposed road will pass, in cases of petition for private ways of necessity, makes no provision for other than personal service. In other words, the statute requires notice to be served upon the landowner through whose land the proposed road is to pass. R. S. 1899, sec. 9460. (2) It is a rule of law well settled that where a statute requires notice without prescribing the method of service, personal service of notice is intended. Therefore, notice was not legally served upon James Welch by leaving a copy with his wife at his usual place of abode. Ryan v. Kelly, 9 Mo. App. 396; Hyde v. Goldsby, 25 Mo. App. 29; Conway v. Campbell, 38 Mo. App. 473; Sedalia v. Gallie, 49 Mo. App. 392; Meyer v. Christian, 64 Mo. App. 203; St. Louis v. Goebel, 32 Mo. 295; Wade on Notice (2 ed.), sec. 1340. (3) This being a proceeding in derogation of common law and of common right, nothing is taken by intendment, but every fact necessary as a prerequisite to the jurisdiction of the court must appear of record. Spurlock v. Dornan, 182 Mo. 242; Williams v. Kirby, 169 Mo. 622; Railway v. Young, 96 Mo. 39; Kirksville v. Coleman, 103 Mo. App. 215; Taylor v. Todd, 48 Mo. App. 550. (4) This being a proceeding *in rem*, every necessary prerequisite to give the county court jurisdiction of the subject-matter must appear of

record. Taylor v. Todd, 48 Mo. App. 550; Railway v. Young, 96 Mo. 39; Williams v. Kirby, 169 Mo. 622; Coal Co. v. Adams, 99 Mo. App. 474; 17 American and Eng. Enc. of Law (2 Ed), pp. 1059, 1060, 1061; 23 Am. and Eng. Enc. of Law (2 Ed.) 621; 12 Am. and Eng. Enc. Pl. and Pr., p. 186, 188, 189. (5) Section 1788, Revised Statutes 1899, makes it the duty of the circuit court in all matters coming to that court upon appeal from the county court to hear and determine the same anew. This being true, the learned trial judge committed reversible error in giving the instruction to the jury given on the court's own motion, and in refusing to submit to the jury any issue except the question of the amount of damages to which defendant was entitled. Levee District v. Jamison, 176 Mo. 557; Williams v. Kirby, 169 Mo., 622; Scott County v. Leftwich, 145 Mo. 26; Colville v. Judy, 73 Mo. 651; Bennett v. Hall, 184 Mo. 407.

JOHNSON, J.—This is a proceeding begun in the county court of Chariton county for the opening of a private road. The allegations of the petition filed in that court show, in substance, that plaintiff and defendant are adjoining landowners; that plaintiff resides on his land, that it borders on no public road and that no private road connects it with the nearest highway; "that the road or way hereinafter prayed for is one of necessity and indispensable to the petitioner as he has no outlet to market, to church, postoffice or to school, and that the road prayed for is the nearest, most direct and suitable," and that the land of defendant lies between that of plaintiff and the nearest public road. The most practicable route for a private road over defendant's land connecting the land of plaintiff with the public road is described and the petition closes with the prayer that commissioners be appointed to view the premises, mark out a private road, and assess damages in favor of

defendant. A copy of the petition and a written notice of the day on which it would be presented to the county court was served by the sheriff of the county on the wife of defendant at his usual place of abode, but no personal service was had on defendant. On the date fixed for the presentation of the petition, defendant, by his attorneys, appeared specially for the purpose of challenging the jurisdiction of the court on the grounds thus stated in a written motion filed by him: "First, because the court has no jurisdiction of this cause; second, because this defendant has received no legal notice of the contemplated application for the appointment of commissioners; third, because on the whole record the petitioner is not entitled to the relief asked for and has not complied with the requirements of the statutes of this State in such cases made and provided." The motion was overruled and, thereupon, defendant made certain motions orally which were addressed to the merits of the application. These also were overruled and the court made an order in which, after finding that the allegations of the petition were true, commissioners were appointed to view the premises and mark out the road and assess damages in favor of defendant. In due time, the commissioners reported the performance of their duties and in their report assessed the damages of defendant at the sum of seventy-five dollars.

When the matter came on for hearing on this report, defendant again moved to dismiss the proceedings, this time on the ground that the parties had agreed to submit the assessment of damages to arbitrators. This motion was overruled and the cause was continued by agreement of the parties to the succeeding term. At that term, the court entered final judgment for the establishment of the road as a way of necessity and for the assessment of damages in the sum of seventy-five dollars. Defendant then appealed to the circuit court. There, by motion, he renewed his objection to the jurisdiction

of the court, but the motion was overruled and the cause was tried before a jury and a verdict was returned assessing defendant's damages at $110.66. In the judgment entered, after assessing the damages and costs of the proceeding against plaintiff, the following disposition was made of the cause: "It further appearing to the court that the damages assessed by the jury for which judgment has been rendered arise from the establishment of a private way of necessity desired by the plaintiff over the defendant's land, and that this cause comes here by appeal from the county court, it is by the court ordered that this judgment be certified to the county court of Chariton county for such further action, if any, as may be necessary and proper in this proceeding." Motions for a new trial and in arrest of judgment were filed by each of the parties but all of them were overruled and plaintiff and defendant each appealed.

First, we will dispose of the questions raised on the appeal of defendant. It is earnestly contended that the county court did not acquire jurisdiction over the subject-matter of the cause because of the omission of plaintiff to have defendant personally served with a copy of the petition and a written notice of the day on which it would be presented, and that, as the jurisdiction of the circuit court was derivative, none was acquired by that tribunal, since none obtained in the court of original jurisdiction. It must be conceded that if the county court was without jurisdiction over the subject-matter, the successive tribunals could acquire none. This proposition is not disputed by plaintiff and is too well settled to require elaboration or the citation of authorities. Defendant also is right in saying that the service of the notice on a member of his family over the age of fifteen years, at his place of residence, was insufficient to meet the requirements of the statute. Section 9460, Revised Statutes 1899, provides: "It shall be the duty of the pe-

titioner . . to cause a copy of the petition and the
notice of the day on which it will be presented to be
served on the owner . . . of the land through which
it is proposed to pass." No provision is made for other
than personal service, and it is well settled that where
the statute requires the giving of a notice without pre-
scribing the method of service, personal service thereof
is indispensable and service made in any other manner
will not constitute legal service though in fact it accom-
plishes the purpose of notifying. the person to whom
notice is required to be given. [Ryan v. Kelly, 9 Mo.
App. 396; Hyde v. Goldsby, 25 Mo. App. 29; Conway v.
Campbell, 38 Mo. App. 473; Sedalia v. Gallie, 49 Mo.
App. 392; Meyer v. Christian, 64 Mo. App. 203; St.
Louis v. Goebel, 32 Mo. 295.]

The service of the notice being insufficient, we
would have no hesitancy in declaring that the county
court had no jurisdiction to entertain the proceeding
had defendant refrained from making a general ap-
pearance. But, after his plea to the jurisdiction was
overruled, he contested the merits of the application,
agreed to a continuance in the county court and, when
finally defeated in that court, appealed to the circuit
court·from the judgment entered. These acts constituted
a general appearance and unless we should sanction the
contention that the service of notice in the exact manner
prescribed by the statute was a condition precedent to the
conferring of jurisdiction over the subject-matter of the
cause, we must hold that the general appearance of de-
fendant dispensed with the service of legal notice and
gave the court jurisdiction over his person. As this is an
action of one person to take the property of another for
his own private use on the ground of absolute necessity,
it is *in invitum* in derogation of the common law and
of common right and can be sustained only on a showing
appearing on the face of the record itself of a strict com-
pliance with the provisions of the statutes upon which

it is founded. [Spurlock v. Dornan, 182 Mo. 242; Williams v. Kirby, 169 Mo. 622; Railway Co. v. Young, 96 Mo. 39; Taylor v. Todd, 48 Mo. App. 550.] And in public road cases, it has been held that the notice required must be given in the manner provided in the statute in order to give the court jurisdiction *over the subject-matter,* and as the giving of such notice is an act pertaining to the subject-matter, it cannot be waived by any person interested in the establishment of the road. [See authorities last cited.]

But it must be observed that there is an important and material difference between the nature and functions of a notice required to be given in proceedings for the establishment of a public road and one for the laying of a private road. In the former class, the notice is to be given by printed or written hand bills put up in three or four more public places in the municipal township or townships in which the proposed road is to be located (section 9415, Revised Statutes 1899) and it is provided that the court shall hear the remonstrance, if any be presented, of twelve or more freeholders residing in the township or townships through which the road may run, three of whom shall reside in the immediate neighborhood (section 9416), so that the statute gives to each landholder in the municipality the right to a hearing regardless of whether or not the proposed road invades or borders on his land. Being a public notice designed to inform the landowning public of a proposed improvement, manifestly no individual or class of individuals could waive it, and in its very nature, the giving of it is just as essential a prerequisite to the conferring of jurisdiction over the subject matter as is any other jurisdictional fact or act. But in the establishment of a private road, the public has no interest and consequently no right to be heard. The proceeding is one strictly between the petitioner and the owner over whose land he seeks to have the way established. The

only office of the notice is to bring the person of the defendant landowner within the jurisdiction of the court. It is analogous to a summons in an ordinary civil action, and while the defendant has the right to insist that it be served in the manner provided by statute, he may waive that right as a defendant may in any other kinds of actions. The giving of the notice is not an act relating to the subject-matter of the proceeding, and defendant could and did by general appearance subject himself to the jurisdiction of the court. [Railroad v. Donovan, 149 Mo. 93; Union Depot Co. v. Frederick, 117 Mo. 138; Tarkio v. Clark, 186 Mo. 285; Hilton v. St. Louis, 99 Mo. 199.]

In the instructions given to the jury, the only issue submitted for their determination was the amount of defendant's damages. Defendant asked instructions which, in effect, submitted all of the issues raised by the pleadings and complains that it was error for the learned trial judge to refuse to give them. "At common law, the right of trial by jury in condemnation proceedings did not exist and in the absence of a constitutional or statutory provision conferring such right, it does not now and never did exist in this State." [St. Joseph v. Geiwitz, 148 Mo. 210.] Section 9464, Revised Statutes 1899, provides "if any person through whose land such road passes shall object on account of the amount of damages awarded him, an issue shall be made up in said court and a jury sworn to determine the amount of damages to which the objector is entitled," etc. Plainly the court was right in holding that the question of the measure of damages was the only issue to give to the jury. Those relating to the necessity of the proposed road and its dimensions and course over the land of defendant were issues to be determined by the court without the aid of the jury.

What we have said sufficiently disposes of defendant's appeal, and it follows that, as to him, no error was committed.

Passing to the appeal of plaintiff, the only question we are called on to decide relates to the sufficiency of the judgment entered in the circuit court. The judgment embraces no adjudication for the establishment of the road, but after adjudging damages and costs, remands the cause to the county court for further proceedings. The appeal transferred the entire cause to the circuit court for trial *de novo* and the judgment should have settled all the rights of the parties. It was just as essential for the circuit court to order the establishment of the road as it was to assess damages and costs. [R. S. 1899, secs. 1676, 1788; Colville v. Judy, 73 Mo. 651; Bennett v. Hall, 184 Mo. 407.]

For this error, the judgment is reversed and the cause remanded with directions to the learned trial judge to enter judgment in accordance with the views expressed. All concur.