## Commonwealth v. Conrad et al.

David Sharman, Jr., for defendant and rule; Paul H. Price, contra.

SCHAEFFER, P. J., Dec. 8, 1928.—The defendants here are the Supervisors of the Township of Longswamp, a township of the second class in this county. They were duly indicted, tried and convicted upon the charge of failing to erect posts and index-boards at the various intersections of public roads in their township, after twenty days' personal notice, in pursuance of the Act of May 16, 1921, P. L. 554. Upon the trial, the defendants, at the close of the testimony, moved for the direction of a verdict of "not guilty," and, after verdict of "guilty," have moved for a new trial.

The defendants earnestly contend that the Commonwealth failed to show that any personal notice of the absence of index-boards had been given to the defendants before their arrest, and that, therefore, their failure to erect index-boards was not a misdemeanor. It appears from the testimony that one A. M. Wagonhorst deposited in the United States mail at Allentown, Pa., a duly stamped and registered letter, addressed to each supervisor, notifying them "to see to it that all Longswamp public roads at intersections are marked in strict accordance with Pennsylvania laws . . . within a period of twenty days." Return receipts, signed by two of the supervisors and by the wife of the third as his agent, were offered in evidence. There was no other testimony of any kind as to the receipt of the letters by either defendant.

The question now before us is whether such notice by registered mail constitutes personal notice within the meaning of the Act of 1921. It would seem to be clear that in the absence of any proof that Mrs. Conrad, who signed the

receipt for the letter addressed to her husband, actually delivered that letter to her husband, we cannot hold that the Commonwealth has shown any notice whatsoever to him. And we are of the opinion that notice by registered mail to the other supervisors was not such "personal notice" as is contemplated by the statute. The term "personal notice" has a fixed and definite meaning in the law. Even in civil cases, it has been repeatedly held that when notice is required by a statute and no manner of service is pointed out, personal service is meant. And "personal service" is delivering the writ, notice or order to the defendant personally, as contradistinguished from other modes of service, and, hence, does not include service by leaving a copy at the defendant's last known place of abode or by mailing a copy to him: Conway v. Campbell, 38 Mo. App. 473; Williams v. Dittenhoefer, 86 S. W. Repr. 242; Rathbun v. Acker, 18 Barb. (N. Y.) 393; Haldane v. United States, 69 Fed. Repr. 819; Moyer v. Cook, 12 Wis. 335; First National Bank v. Holmes, 94 N. W. Repr. 764; Dalton v. Railway Co., 87 S. W. Repr. 610. And in proceedings for divorce where "written notice" or "personal notice" is required by the rules of court, it has been uniformly held that personal service of the notice must be made if the respondent can be found: Adams v. Adams, 15 Pa. C. C. Reps. 237; McShane v. McShane, 24 Dist. R. 147. Accordingly, in criminal cases, where the rule of strict construction must be applied and where the defendant is entitled to every reasonable doubt arising out of the evidence and the law, it must follow that sending notice by registered mail cannot be held to be "personal notice" within the meaning of the statute creating the offense.

And now, to wit, Dec. 8, 1928, the rule for a new trial is made absolute.

From Charles K. Derr, Reading, Pa.