David G. SCHNITKER, Respondent,

v.

Joy V. SCHNITKER and John Theisen, Appellants.

No. WD 35844.

Missouri Court of Appeals,
Western District.

May 7, 1985.

Alden S. Lance, Savannah, for appellants.

Hugh D. Kranitz, St. Joseph, for respondent.

Before TURNAGE, C.J., Presiding, and MANFORD and LOWENSTEIN, JJ.

MANFORD, Judge.

This is an action for unlawful detainer, pursuant to Chapter 534, RSMo 1978. The judgment is reversed.[1]

---

1. The record herein reveals this cause was specifically assigned to the Associate Circuit Court by the circuit court. Jurisdiction hence was affixed in conformity with § 534.060, RSMo 1978.

While four points are formally presented to this court, only one thereof is herein taken up because of the particular disposition of this appeal. In summary, it is charged that the trial court erred in refusing to direct a verdict in favor of appellants at the close of respondent's case and at the conclusion of the presentment of all the evidence because the evidence failed to prove appellants were given proper notice as required by statute.

The record reveals the following pertinent facts:

The parties, Joy Schnitker (defendant-appellant, and hereafter Joy) and David Schnitker (plaintiff-respondent and hereafter David) were divorced in October, 1981. David was awarded the residence identified as No. 4 Lakeland Estates, 646 S.W.2d 123. The residence remained unoccupied until Joy moved into it in March, 1982. On January 1, 1984, David filed this unlawful detainer action against Joy and one John Theisen who, the evidence showed, lived at the residence with Joy.

The evidence further revealed that David caused to be mailed, by certified mail-return receipt requested, notices to both Joy and Theisen. The notice to Theisen was mailed to an address on Ashland Avenue in care of his mother. Theisen later testified that he sometimes received mail at the Ashland residence. His mother signed for the letter (i.e., the notice). The notice mailed to Joy was mailed to her at the Lakeland Estate residence. The notices to her were returned with an "unclaimed" postal designation.

The applicable statute is § 534.050, RSMo 1978, which reads:

**534.050. Demand for possession, how made and proved**

The demand required by section 534.-030 shall be made either by delivering a copy of such demand to the person in possession, or by leaving such copy with some person above the age of fifteen years, residing on or being in charge of the premises; or, if no such person be in the actual occupancy thereof, then by posting such copy on the premises. When the demand shall be made by an officer authorized to serve judicial process, his return shall be prima facie evidence of the facts therein stated; and if such demand be made by any other person, the return shall be sworn to by such person, and shall then be prima facie evidence of the facts therein stated.

The earliest reported case interpreting the statute appears to be *Hyde v. Goldsby*, 25 Mo.App. 29 (1887). *Hyde* dealt with former § 2458, Rev.Stat. (1887), which reads essentially the same as § 534.050 quoted above. The *Hyde* decision makes it clear that the service of demand shall be made by delivering a copy to the person sought to be notified, and where the person to be notified is an occupant of the premises, the service must be personal. *Hyde* also ruled that where a statute specifically prescribes the character and manner of service, the statute is to be strictly construed. The court went on to conclude that under this type of statute *it is not the fact that the party to be notified has actual knowledge, but rather it is the proof that the notice has been conveyed in the method prescribed by the statute that gives rise to the cause of action. See also Allen v. Welch*, 125 Mo.App. 278, 284, 102 S.W. 665 (1907) and *Conway v. Campbell*, 38 Mo. App. 473, 476 (1889). Stated yet another way, since the unlawful detainer act is in itself complete, such a proceeding is not measured or determined by ordinary rules and proceedings in civil cases. *First National Bank of Kansas City v. Kavorinos*, 283 S.W.2d 452, 457 (Mo.1955).

■ The record reveals that the notice sent to Joy was sent by certified mail-return receipt requested and was returned "unclaimed". This method certainly did not comply with § 534.050 and Joy did not

receive the proper notice or demand. David, in these proceedings, does not have a claim of right against Joy for failure to give proper notice and demand.

█ The notice to Theisen was sent certified mail-return receipt requested to the residence of Theisen's mother, at which he sometimes receives mail. Theisen's mother signed the return receipt. Theisen testified that he did not see or receive the notice.

David contends, however, that his evidence as to his having mailed the notices to Joy and Theisen brings this matter within the rule announced in *School District v. Holmes*, 53 Mo.App. 487 (1893). David argues that *Holmes* rules that the statutory requirement of delivery of demand (notice) can be satisfied without direct evidence that the demand notice was actually seen by the defendant, where such a notice was left with the defendant's wife. *Holmes* doesn't help David because the court in *Holmes* noted that the person who served the written demand for possession testified that, at the defendant's suggestion, a copy of the notice was made in his (the defendant's) presence, by his wife, and the copy was left with the wife. The defendant in *Holmes* saw the notice, although the copy was handed to his wife. The court in *Holmes* held that delivery under that factual setting was good notice. The facts in *Holmes* clearly distinguish that case from the proceedings herein.

Review of this matter has, as is required, been made with a review of the evidence in the light most favorable to David. Such review is required because it is made upon a challenge to the trial court's refusal to grant a directed verdict. However, this court is not permitted to ignore the stringent requirements of the unlawful detainer act and where proper demand (notice) was not made, this court must reverse. The trial court erred in not directing a verdict to appellant's favor under the evidence adduced upon the record in these proceedings. *Smith v. Allied Supermarkets, Inc.*, 524 S.W.2d 848, 849 (Mo. banc 1975).

Judgment reversed.

All concur.