**UNITED STATES of America, Plaintiff,**

**v.**

**Charles C. SHAFER, III, Defendant.**

**No. 84–0330–CV–W–5.**

United States District Court,
W.D. Missouri, W.D.

Nov. 8, 1985.

Linda Parker, Asst. U.S. Atty., Kansas City, Mo., for plaintiff.

Charles Shafer, Jr., Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

SCOTT O. WRIGHT, Chief Judge.

On March 13, 1984, the United States brought this action on behalf of the Small Business Administration (SBA), seeking a judgment against defendant Shafer who was in default of a loan in the amount of $17,722.94 plus interest.

---

This case came to trial before the Court on September 26, 1985. Based on the parties' trial briefs and exhibits presented to the Court, this Court makes the following findings of fact and conclusions of law.

### Findings of Fact

On January 11, 1978, Shafer entered into a note, a deed of trust, and a loan agreement with SBA for a disaster assistance loan on an apartment building.

The principal sum was $21,300.00 with interest rate at 3%. Payments were to be $150.00 per month beginning five months from date of the note, and balance of principal and interest payable fifteen years from date of note. By letter on August 14, 1979, Shafer requested SBA's approval to sell the property to Haven Properties, Inc. (Haven). Shafer explained that Haven would be paying Shafer $1,000.00 per month, and in turn Shafer would be paying all debts, including the SBA loan.

By letter of August 15, 1979, SBA approved the sale, and the property was thereafter sold to Haven. In June of 1981, Haven defaulted and subsequently filed a proceeding in bankruptcy. By letters of June 30, July 16, August 3, and August 14, 1981, Shafter asked SBA if it would join in his suit against Haven. SBA refused to join in such a suit.

### Conclusions of Law

The parties do not dispute that Missouri law governs this case; therefore, the first issue to address is whether SBA agreed to and whether Haven in fact assumed Shafer's loan, thus making Shafer a surety, rather than a principal debtor. The letters seeking and giving approval of the sale to Haven do not mention whether an assumption was taking place. Since there is an ambiguity in the language used, this Court may look to surrounding facts and circumstances, including acts of parties indicating what interpretation was placed upon it by parties themselves. *H.K. Porter Co. v. Wire Rope Corp. of America, Inc.*, 367 F.2d 653, 660 (8th Cir.1966); *Rouggly v.*

*Whitman*, 592 S.W.2d 516, 519 (Mo.App. 1979).

In an August 21, 1981 letter from an SBA loan officer to Shafer, the following paragraph is found: "When the *assumption* by Haven Properties, Inc. et al *was approved*, you were not released from liability so until the loan is paid in full, you are still liable." (emphasis added). In a November 16, 1983 letter from the U.S. Attorney's office to an SBA attorney, reference is made to Shafer's "assumption letter." When the SBA attorney responded on November 17, 1983, he wrote:

> [P]lease find enclosed a copy of a SBA letter *approving the assumption* of the Schafer [sic] loan to Haven Properties.... It is my opinion that under Missouri law an assumption may reduce the original obligor to a surety, but does not release him. (emphasis added)

From these letters the Court concludes that the parties believed an assumption had taken place and acted accordingly. Therefore, as a matter of law, Shafer was a surety at the time Haven defaulted.

The second issue is whether Shafer properly invoked Missouri statutes 433.010, 433.020, and 433.030. These statutes provide that a surety may, by serving notice in writing, require the creditor to file suit against the principal debtor. "If such suit is not commenced within thirty days after the service of such notice, and proceeded with due diligence, in the ordinary course of law, to judgment and execution, such surety shall be exonerated from liability to the person so notified." R.S.Mo. § 433.-030.

There is no dispute that SBA did not file suit against Haven. But SBA does contend that Shafer failed to give proper notice. SBA cites to *Conway v. Campbell*, 38 Mo. App. 473, 476 (1889) where § 433.020 was interpreted to require personal service and that notice by mail is insufficient. However, notice requirements of the turn of the century have substantially changed since the advent of *Mullane v. Central Hanover Bank & Trust Company*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950) where the Supreme Court held that due process re-

quirements are met if the notice is "reasonably calculated to apprise interested parties of the pendency of the action...." *Id.* at 314, 70 S.Ct. at 657. Missouri courts have made it clear that technical requirements for notice will not be strictly enforced if the party seeking enforcement has actual notice. *Macon-Atlanta State Bank v. Gall,* 666 S.W.2d 934, 940 (Mo.App.1984).

 In the present case, it is not disputed that SBA received Shafer's letters and in fact had their attorney consider and reject the request to join in a suit against Haven. Whether SBA knew of the existence or import of § 433.010 *et seq.* is doubtful, but not determinative of the outcome, since it is presumed that everyone knows the law. *Hartley Realty Co. v. Casady,* 332 S.W.2d 291, 295 (Mo.App.1960). SBA did not commence a suit, or even join in Shafer's suit against Haven. SBA's argument that because Haven had filed a bankruptcy petition, no suit could be brought against it, is ill-founded. While it is true an automatic stay would be in effect pending the outcome of the bankruptcy proceeding, that does not preclude compliance with § 443.010. Accordingly, under § 433.030, RSMo., Shafer was exonerated from liability to SBA. Therefore, it is hereby

ORDERED that judgment is entered in favor of defendant Shafer. Each party is to bear their own costs.