HON. LUKE P. POLAND,  
HON. ASA O. ALDIS,  } ASSISTANT JUDGES.  
HON. LOYAL C. KELLOGG,

---

## JAMES FITTS *v.* WILLARD WHITNEY.

### *Deposition. Service.*

The only notice which the defendant received of the taking of a deposition offered by the plaintiff on trial, was by a citation signed by the justice who took the deposition, naming the time and place of taking, and served on the defendant by the officer, to whom it was directed, merely by *reading.* *Held,* that this was not a sufficient service of the citation, and that the deposition was not admissible.

*It seems* that the *personal notice* of the taking of a deposition, which the statute provides may be given to the adverse party by the magistrate taking the deposition, must be given by the magistrate himself, *viva voce,* in the presence and hearing of the party to be notified.—REDFIELD, Ch. J.

CASE. The only question in this cause related to the admissi-
bility of a deposition offered by the plaintiff, to the admission of
which the defendant objected, on the ground that he had not been
legally notified of its taking.

It appeared that the only notice which the defendant received
of the taking of the deposition in question was by a citation, which
was served on him by an officer merely by *reading.* This citation
was signed by the justice taking the deposition, and the defend-
ant raised no objection to its form or substance, but merely to its
mode of service.

The county court, at the December Term, 1859,—PIERPOINT,
J., presiding,—excluded the deposition, to which the plaintiff
excepted.

*Linsley & Prout*, for the plaintiff.

*Briggs & Nicholson*, for the defendant.

REDFIELD, Ch. J. The only question in the present case is in
regard to the sufficiency of the notice of taking a deposition, the
citation being served by reading only, and there being no other
notice. The statute requires that the party taking a deposition
shall " either cause personal notice to be given by the magistrate
taking such deposition to the adverse party, or a citation signed
by a justice to be served on the adverse party, etc., in the same
manner as a writ of summons," etc.

It seems to us these provisions are too specific to admit of
much latitude of construction. What is meant by giving personal
notice by the magistrate to the adverse party is susceptible of
some possible variation of interpretation perhaps. Its most obvi-
ous and natural signification undoubtedly is, that the notice shall
be given by the magistrate *viva voce*, in the presence and hearing
of the adverse party. This is probably what was intended, and
this has probably been the practical construction of the statute.
To extend it as far as is claimed in this case, so as to include the
reading of a citation in the hearing of the adverse party, would
altogether confound the two modes of giving notice, which must
be an evident perversion of the statute. We certainly could not

give it this extension. And it would be safer probably and more in accordance with the former practice, in regard to this subject, to restrict it to the natural import of the words of the statute, as we have before indicated. But it is not necessary to go that length in the present case perhaps.

In regard to the notice by citation, there does not seem to be any room for doubt. The statute requires, in express terms, that the service shall be in the same manner as writs of summons, and this is by copy only. There was then no legal service of the citation. The reading of the citation in the hearing of the party is no more service of a writ of summons, that handing it over to be read by the party, or writing him a letter, stating the substance, which the party is shown to have received.

In either case there is a kind of knowledge communicated, which would be sufficient for the ordinary purposes of notice, in regard to matters resting wholly *in pais*, and where the law had prescribed no particular form of notice. But in a case like the present, where a specific form of notice is required, the party is not bound to act upon any thing different. He is justified in staying away, under the expectation that the testimony will not be received.

Judgment affirmed.