Beiler v. Devoll.

ELI BEILER, Respondent, v. W. F. DEVOLL, Appellant.

Kansas City Court of Appeals, March 31, 1890.

1. **Landlord and Tenant:** VERBAL LEASE : STATUTE OF FRAUDS : UNLAWFUL DETAINER. A verbal lease of land entered into, August, 1888, by which the term was to begin in March, 1889, and end March 1, 1890, is within the prohibitions of the statute of frauds, and is no bar to an action of unlawful detainer.

2. ———: SERVICE OF NOTICE TO QUIT. The service of notice to quit upon the wife of the tenant is sufficient.

3. **Appellate Practice :** IRREGULAR VERDICT FOR THE RIGHT PARTY NOT DISTURBED. A verdict for the right party and not excessive, though irregular, will not be reversed.

*Appeal from the Cass Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

AFFIRMED.

*Bailey & Burney* and *Geo. Bird*, for the appellant.

(1) Under the law and evidence in this case defendant was clearly a tenant from year to year, even if there had been no express permission to hold over, and was entitled to three months' notice in writing to

quit, and the court below sustained defendant's objection ,to plaintiff's attempt to prove said notice, and should have sustained defendant's demurrer to plaintiff's evidence. Without said notice plaintiff cannot recover. R. S. 1879, sec. 3077 ; R. S. 1879, sec. 2509 ;. *Hammond v. Douglass*, 50 Mo. 434; *Wilgus v. Lewis*, 8 Mo. App. 336. ( 2 ) The lease for 1886 and 1887 was written, and after the termination of said lease defendant was, by the permission of the plaintiff, allowed to remain in possession of the farm for. the year 1888, plaintiff receiving the rent for that year. Defendant, therefore, became a tenant from year to year. *Finney v. St. Louis*, 39 Mo. 177; *Quinette v. Carpenter*, 38 Mo. 502 ; *Bircher v. Parker*, 40 Mo. 118 ; *Withnell v. Petzold*, 17 Mo. App., 673, and cases cited ; *Grant v. White*, 42 Mo. 289. ( 3 ) The court below at first refused to allow defendant to prove the verbal permission given by plaintiff August 10, 1888, to defendant to remain on the farm during the year 1889, but afterwards concluded ·this ruling was error, and allowed defendant to prove said verbal permission. We submit that on this theory of the case the court erred in instructing the jury to find for plaintiff. ( 4 ) Where the statute requires notice without prescribing the method of service, personal notice in writing must be given by a delivery thereof directly to the person to be notified. *Ryan v. Kelly*, 9 Mo. App. 396 ; *Heller v. Leisse*, 13 Mo. App. 183. ( 5 ) We submit that the verdict in this case is improper, the first verdict being for plaintiff for one hundred and forty dollars, and allowing defendant to retain possession of the farm until March 1, 1890. The rental value of the land was proven for the whole year and plaintiff's attorney, after the jury had returned with its verdict, and without defendant or his attorney being present, divided the one hundred and forty dollars by twelve and then multiplied by the number of months from the first of March

until the day of the trial, and inserted the results in the blanks in the form of verdict given by the court, besides giving his client possession of the land, thereby taking the very thing out of the hands of the jury that they were sworn to try.

*Noah M. Givan,* for the respondent.

(1) The parol contract made August 10, 1888, by which defendant claims to have leased the land until March 1, 1890, and by which he justified his possession, was, if made, invalid. R. S. 1879, 2513; *Briar v. Robertson,* 19 Mo. App. 66; *Delano v. Montague,* 4 Cush. 44; *Sharp v. Rhiel,* 55 Mo. 97; *Self v. Cordell,* 45 Mo. 345; *Atwood v. Fox,* 30 Mo. 499; *Hoyle v. Rush,* 14 Mo. App. 408. (2) Even if the tenancy in question was from year to year, notice to quit on March 1, 1889, had been given more than three months before that date, and the delivery of such notice to defendant's wife at his home on the premises, in his absence, was a good service of such notice, and the contents of the notice in its absence may be proven by parol. 2 Greenl. on Ev., secs. 322 and 324; Wade's Law of Notice, sec. 640; R. S. 1879, 2458 and 3077; *De Giverville v. Stolle,* 9 Mo. App. 187; *Morgan v. Railroad,* 76 Mo. 169; *De Witt v. Smith,* 63 Mo. 263; *Strauss v. Ayers,* 34 Mo. App. 248. (3) The court properly instructed the jury to find for plaintiff, and it was its duty to give the jury the statutory form of verdict, and properly permitted the verdict to be amended in open court. R. S. 1879, 2436; *Falconer v. Roberts,* 88 Mo. 580; *Morgan v. Durfee,* 69 Mo. 476; *State ex rel. v. Marshall,* 4 Mo. App. 34; *Lionberger v. Pohlman,* 16 Mo. App. 392; *Powell v. Railroad,* 76 Mo. 80; *Commissioners v. Clark,* 94 U. S. 284.

SMITH, P. J.—This was an action for unlawful detainer. The evidence of the plaintiff tended to show that the plaintiff, by an agreement in writing, rented

the defendant one hundred and sixty acres of land, for the years of 1886 and 1887, each year ending March 1; that the plaintiff made a verbal lease, to defendant, of the same land for the year 1888, expiring March 1, 1889 ; that plaintiff, more than three months preceding the expiration of said verbal lease, caused a notice to be served on the defendant to deliver the possession of the premises at the expiration of his lease. The service of notice was on defendant's wife. The evidence of the defendant tended to show that, in August, 1888, the plaintiff verbally rented him, for the year 1889, twenty-five acres for wheat, thirty acres for oats and thirty acres for corn, the same being part of the one hundred and sixty acres which he had leased the three preceding years ; that nothing was said in the verbal agreement, for the letting of said land to defendant, for the year 1888, when the next year should end. This suit was begun on the twenty-fourth of April, 1889, after the defendant had planted his corn and oats, the wheat having been sown during the preceding autumn. There was some other evidence which it is unnecessary to refer to here. The trial court instructed the jury that, under the pleading and evidence, the plaintiff was entitled to recover. The judgment being for plaintiff, defendant appealed.

I.   The verbal lease of the land entered into, August 10, 1888, by which defendant's last term was to begin in March, 1889, and end in March 1, 1890, was within the prohibitions of the statute of frauds. R. S. 1879, sec. 2513 ; *Briar v. Robertson*, 19 Mo. App. 66 ; *Delano v. Montague*, 4 Cush. 44 ; Browne on Statutes of Frauds, sec. 272. The defendant, therefore, was precluded from interposing the said verbal lease, as a defense, in bar of the plaintiff's right of recovery of the possession of the premises: If the defendant had any right to the possession, it was as tenant from year to year. The uncontradicted evidence was, that the plaintiff gave

the defendant notice to quit, which notice, if properly served, was sufficient, with the other evidence, to make out for plaintiff a *prima facie* case, entitling him to recover, unless there was countervailing evidence adduced by defendant, which there was not. The instruction given by the court was authorized by the evidence.

II. It seems well settled, that where personal service cannot be effected in the absence of a statute, requiring the service of notice to quit to be made in a specified mode or manner, that it will be sufficient, if left with the wife of the tenant. Taylor's Landlord and Tenant, sec. 484; Wood on Landlord and Tenant, sec. 87. Section 3077, Revised Statutes, is silent as to the manner of the service of the notice therein required, but we think the service on the wife is sufficient under it.

III. There are some irregularities suggested in respect to the verdict. While such practice is not to be approved, still, inasmuch as the verdict seems to be for the right party, and for an amount not in excess of what the plaintiff was entitled to recover, we shall not reverse the judgment on that account. The judgment will be affirmed. All concur.