MARGARET VAN STUDDIFORD, Appellant, v. ANTHONY KOHN, Respondent.

St. Louis Court of Appeals, October 27, 1891.

1. **Landlord and Tenant:** SERVICE OF NOTICE TO QUIT. A store in the city of St. Louis was held by the storekeeper without any contract therefor in writing, and the tenancy was, therefore, one from month to month. (R. S. 1889, sec. 6371.) A notice for the termination of this tenancy was, during the momentary absence of the tenant, delivered by the landlord to one of the tenant's salesmen,

who were, owing to the absence of their employer, temporarily in charge of the store, and who were in the habit of receiving all papers delivered there in the absence of, and for, their employer, and placing the same in a receptacle provided for that purpose. *Held*, that the salesman thus served was not the agent of the tenant for the purpose of the service of such notice within the meaning of the statute, and that, it not appearing that said notice reached the tenant in person, the service was insufficient.

2. ——— : ———. The statute providing for the service of such notice requires a personal service, at least in all cases wherein such service can conveniently be made.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Frank Hicks*, for appellant.

The person to whom the notice was given was a servant of the tenant, at the rented premises, in charge ( with two other servants of equal rank and authority ) of the tenant's business at that place, in the absence of the latter, with recognized and express authority from the tenant to receive papers left with him at such place for his master during the latter's absence ; and such person, at the time of the service upon him, was in charge ( with his fellow-servants ) of the store, and received the notice for his master. Such facts constitute such person an agent of the tenant within the meaning of section 6731 of the statutes of 1889. *Walker v. Sharpe*, 103 Mass. 154 ; Wade on Notice, sec. 640 ; 1 Wood, Land & Ten., p. 121, sec. 41 ; Woodfall, Land. & Ten., sec. 353 ; 5 House of L. Cases, L. R. 561, where the English cases are reviewed. The statute is not exclusive with reference to the persons upon whom service may be made. Whether the person here served was an "agent" or not, his relations to the tenant and to the rented premises were such as to make service upon him sufficient. Cases cited, *supra; Beiler v. Devoll*, 40 Mo. App. 251.

Van Studdiford v. Kohn.

*Montague Lyon*, for respondent.

ROMBAUER, P. J.—The statute (sec. 6371) provides among other things, that "all contracts or agreements for the leasing, renting or occupation of stores * * * in cities * * * not made in writing, signed by the parties thereto, or their agent shall be held and taken to be tenancies from month to month, and all such tenancies may be terminated by either party thereto, or his agent, giving to the party or his agent, one month's notice in writing of his intention to terminate such tenancy."

The defendant was, within the purview of this section, the plaintiff's tenant from month to month. More than one month preceding the first day of September, 1890, the plaintiff sent a written notice in terms as required by the statute to the premises let, being the defendant's store, which notice was there delivered to one of the defendant's salesmen, who, with other salesmen, was in temporary charge of the place, the defendant being in the city, and accessible, but having left the store to go to his dinner. It was shown in evidence that the salesmen in the store were in the habit of receiving all papers delivered there in the absence of their principal, and placing them in a receptacle provided for that purpose. It was, however, not shown that this particular notice ever reached the defendant himself at any time. The defendant refused to surrender possession at the time mentioned in the notice, whereupon the plaintiff, first making demand for the possession of the premises in writing, instituted the present action of unlawful detainer. Upon the trial, the above facts appearing, the court instructed the jury that the plaintiff could not recover. The plaintiff took a nonsuit, and, after an ineffectual attempt to set the same aside, brings the case here by appeal.

The error assigned is that the court erred in holding that the service of the notice to quit was insufficient,

Van Studdiford v. Kohn.

which ruling resulted in the nonsuit. The plaintiff's counsel contends that the service was sufficient both under the statute and at common law, and that the mode of service pointed out in the statute is not exclusive. The statute points out no mode of service at all. When the statute mentions an agent, it uses that term in the sense of designating the party on whom the service may be made, and not a party through whom the principal is to be notified. The principal may be a nonresident of the state, or otherwise beyond the reach of service, or it may be a corporation, or the principal may transact his business at the particular place through an agent who holds possession of the premises for his principal. In all these cases service upon an agent is sufficient, because *quo ad hoc* he is the representative of the principal and himself the proper party to be notified. The holding of the court, that in this case the salesman, who together with his fellow salesmen was in temporary control of the premises, was not the agent contemplated in the statute, was clearly correct, and, unless he was the proper person through whom the principal was to be notified, the principal was not notified at all, because there is no evidence that the principal received the notice.

We have repeatedly held that, where the statute requires service of a written notice, and no mode of service is provided for by law, the statute contemplates personal service. The statute in this case does not provide for the manner of service, and would require personal service, at least in all cases where such notice can conveniently be given. In *Beiler v. Devoll*, 40 Mo. App. 251, service of the notice upon the tenant's wife was held sufficient, but it does not appear whether the tenant himself was conveniently accessible to personal service. In *Clark v. Keliher*, 107 Mass. 406, service upon the wife was also held sufficient; there, however, it affirmatively appeared that the tenant was a traveling peddler, and his whereabouts were uncertain. So in

*Walker v. Sharpe,* 103 Mass. 154, service of process upon the tenant's partner, while the tenant himself was out of the state, was held sufficient. Judge GRAY holding that the mode of service adopted, if not the only one practicable to the landlord, was clearly the most beneficial to the tenant, and must be held sufficient. But none of the American cases cited to us go to the extent of holding the service of a notice sufficient, which was neither personal, nor made upon a party upon whom, under the statute, the service of a summons would have been availing. Where a notice, as in this case, works a forfeiture or a termination of an estate, and there is nothing to show that personal service could not be conveniently had, the least that can be required of the plaintiff is to show that the notice was properly transmitted and reached the party to be affected, in time to amount to the thirty days' notice required by the statute. As the plaintiff has failed to do so in the case at bar, we must conclude that the court rightly instructed the jury that upon the case made she could not recover. All the judges concurring, the judgment is affirmed. So ordered.