SCHOOL DISTRICT NUMBER 4, TOWNSHIP 56, RANGE 9,
Respondent, v. HENRY J. HOLMES, Appellant.

St. Louis Court of Appeals, April 4, 1893.

| 53 | 487 |
| 55 | 215 |
| 53 | 487 |
| 59 | 586 |
| 53 | 487 |
| 64 | 205 |
| 53 | 487 |
| 96 | 4523 |
| 100 | 5721 |

1. **Unlawful Detainer:** PRIOR POSSESSION BY PLAINTIFF.    To main-
tain an action of unlawful detainer, a prior possession by the
complainant must be shown.    And *held* that such prior possession
was sufficiently shown by the evidence in this case.

2. **Pleading:** CORPORATE CAPACITY OF PUBLIC CORPORATION: SCHOOL
DISTRICT.    The general school law makes all school districts corpora
tions.    Such an incorporation, being created by a public act, need
not be pleaded; courts will take judicial notice thereof.

3. **Practice, Appellate**: REVIEW OF RULINGS NOT PRESERVED BY BILL OF EXCEPTIONS. The action of the trial court, in overruling a motion for the dismissal of the cause for defects in the summons and the service thereof, cannot be reviewed by this court when the motion is not embodied in the bill of exceptions.

4. **Unlawful Detainer**: SUFFICIENCY OF COMPLAINT. The complaint in this cause alleged that the defendant unlawfully and without force by *disseizin* obtained possession of the land sued for, and detained the same after demand made in writing for its delivery. *Held*, that this was a sufficient statement of an unlawful detainer under section 5089 of the Revised Statutes.

5. **Practice, Appellate**: NON-PREJUDICIAL ERROR. In an action of unlawful detainer, founded upon a demand in writing for the premises, the demand was attached to the original papers sent by the justice of the peace to the circuit court. The record showed that it was offered in evidence and objected to, and that witnesses referred to it, but the record failed to show any ruling on the objections, or any renewed offer of the paper in evidence. *Held*, that this was a mere oversight which ought not to work a reversal of the judgment for the plaintiff.

*Appeal from the Monroe Circuit Court.*—HON. THOMAS H. BACON, Judge.

AFFIRMED.

*R. B. Bristow*, for appellant.

*R. N. Bodine* and *W. T. Ragland*, for respondent.

BIGGS, J.—The building claimed by the plaintiff, and which has been used for many years as a school-house, is located on land within the defendant's enclosure. The house was erected in 1857 or 1858. At that time the land, upon which the house was built, was supposed to belong to Mrs. Cox. She intended to convey land to the extent of an acre for a schoolhouse site, but neglected to do so. Between 1865 and 1872, there was a resurvey of the lines between the land belonging to Mrs. Cox and that of the defendant, which showed that the schoolhouse had been located on the defendant's land. Mrs. Cox having died, her

heirs and the defendant adjusted their fences to the new survey, which placed the schoolhouse in the southeast corner of the defendant's pasture. It is within about sixty feet of a public road, which extends east and west near the defendant's south line. The house and the right of way thereto from the public road were used by the school district for school purposes until September, 1892. In August, 1892, the directors of the district went upon the land, and surveyed and marked off a square acre with the schoolhouse in the centre. Corner stakes were planted to show the boundaries. Previous to this nothing had been done by the officers of the district to indicate the extent of their holding, beyond the ground actually covered by the house. When this survey was made, the defendant re-constructed his fence with barbed wire in such a manner as to prevent the teacher and scholars from getting over the fence, and he also forbade the further use of the building for school purposes. Thereupon the plaintiff commenced this action of unlawful detainer before a justice of the peace. It was removed by *certiorari* to the circuit court, where, upon a trial, the jury under the instructions of the court found the issues against the defendant.

It is conceded that the act of the defendant in placing the wire on the fence amounted to an ouster, but the defendant denies that the possession of the plaintiff was such as to authorize the suit. To maintain the action of unlawful detainer, prior possession by the complainant must be shown. The evidence is sufficient to sustain the finding of the jury as to the possession of the land upon which the schoolhouse stood, but whether the action of the directors in making the survey and establishing corners authorized the finding, that the plaintiff was in the actual possession of the acre of land, is not so clear.

In the case of *DeGraw v. Prior*, 53 Mo. 313, which was an action of unlawful detainer, it appeared that the plaintiff's agent had entered on the land for the purpose of reducing a portion of it to a state of cultivation. He plowed about one acre and a half, and then quit temporarily on account of the weather. There were no other *indicia* of actual possession. In the meantime possession was taken by the defendant. These facts were held by the court to be sufficient to authorize the submission of the question of plaintiff's prior possession to the jury. It was said: "A possession must have a commencement, and, when it commences, a temporary absence does not deprive the possessor of his rights. It is not material for what purpose a party takes possession. It is sufficient that the purpose be lawful, and that he actually enters with a view of holding possession.

In *Bartlett v. Draper*, 23 Mo. 407, which was also a suit of unlawful detainer, Bartlett's prior possession was sustained, where it appeared that he had planted fence posts on three sides of the lot.

In the case of *Miller v. Nothrop*, 49 Mo. 397, the plaintiff caused the land to be surveyed, established the corners and cut hay from the land. It was held that these acts were sufficient to authorize the jury to find an actual possession by the plaintiff.

In the case of *Bradley v. West*, 60 Mo. 59, it appeared that the plaintiff had traced out the boundaries, threw up mounds at the corners of part of the land, and, when the defendant came upon the land, he ordered him off, asserting that the land belonged to him. It was held that this evidence of a prior possession would support a verdict.

Under these decisions it would seem that the survey and the establishment of the corners by the

directors were sufficient to constitute actual possession of the entire acre in the plaintiff.

It was not necessary to allege in the complaint that the plaintiff was a corporation. The general school law makes all school districts corporations. Revised Statutes 1889, sec. 7969. The incorporation of the plaintiff being created by a public act, the courts must take judicial notice of it, and it need not be pleaded. 1 McQuillin on Pleading, sec. 300; Revised Statutes, 1889, sec. 2076; Bliss on Code Pleading, sec. 246.

The action of the court in overruling the defendant's motion to dismiss on account of alleged defects in the original summons, and in the mode of its service, cannot be reviewed by us, as the motion was not embodied in the bill of exceptions. The ruling of the court on the motion was matter of exception and not of error. *Mockler v. Skillett*, 36 Mo. App. 174; *Swaggard v. Hancock*, 25 Mo. App. 596; *Monroe City Bank v. Finks*, 40 Mo. App. 367; *Crow v. Stevens*, 44 Mo. App. 137.

The complaint charges that the defendant, unlawfully and without force, by *disseizin* obtained possession of the land, and retained the same after demand made in writing for its delivery. This is a clear statement of an unlawful detainer under section 5089 of the Revised Statutes of 1889. That portion of the section which is pertinent reads: "When any person, wrongfully and without force, by *disseizin* shall obtain and continue in possession of any lands, tenements or other possessions, and, after demand made in writing for the delivery of the possession thereof by the person having the legal right to such possession, his agent or attorney, shall refuse or neglect to quit such possession, such person shall be deemed guilty of an unlawful detainer." Under this paragraph of the section, the service of a written demand for the possession of the premises is a

condition precedent to the right to maintain an action thereunder; until such demand is made and the defendant refuses to comply with it, there can be no unlawful detainer.

The bill of exceptions shows that the written demand for possession of the schoolhouse and the acre of land was attached to the original papers, and was sent up by the justice. It was identified by one or two witnesses. When the paper was offered in evidence, objection was made because the return was not sworn to, the service having been made by a private person. The plaintiff then called as a witness the person who made the service. He testified that, at the suggestion of the defendant, a copy of the notice was made in his presence by his wife, which was left with her The objection was then interposed that the delivery of the copy of the notice to the defendant's wife was not good service. So far as the record shows the objection was not ruled on, and the plaintiff failed to renew its offer to read the paper in evidence. We think that the evidence was sufficient to admit the paper.

The failure to renew the offer to read it was a mere oversight, which ought not to work a reversal of the judgment, especially when the demand was an original paper in the case and was fully identified by the witnesses. The statute provides that, "the supreme court or courts of appeals shall not reverse the judgment of any court, unless it shall believe that error was committed by such court against the appellant or plaintiff in error and materially affecting the merits of the action." Revised statutes, 1889, sec. 2303.

The judgment of the circuit court will be affirmed. All the judges concur.