LOUIS LANGAN, Respondent, v. FREDERICK SCHLIEF, Appellant.

St. Louis Court of Appeals, November 21, 1893.

1. **Landlord and Tenant:** SUFFICIENCY OF SERVICE OF NOTICE TO QUIT. When the statute requires notice in writing, as in the case of notice for the termination of a tenancy from month to month, the reading of a written notice to the person to be served does not satisfy the requirement

2. ———: ———. A landlord's notice to quit was addressed to two persons. It was served on one of them by the reading of it to him, and a copy of it was furthermore delivered to him for the other. *Held*, that evidence of these facts warranted a finding of adequate service on the person to whom the copy was thus delivered.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*D. P. Dyer* for appellant.

*Edmond A. B. Garesche* and *William L. Murfree* for respondent.

ROMBAUER, P. J.—The following facts are admitted by both parties. The premises in controversy are

owned by one Keane, who first let them for a term expiring May 1, 1892, to one Prill, and after the expiration of that term let them to the plaintiff Langan for a term of ten years, commencing October 1, 1892. Prill prior to the expiration of his term had let the premises to the defendant Schlief, who held over and was recognized by Keane as his tenant. Keane, prior to granting a new term to Langan, endeavored to terminate the tenancy of Schlief by a written notice. Langan subsequently exhibited to Schlief his own lease from Keane, and made written demand from Schlief for possession of the premises. The demand not being complied with, he instituted the present action of unlawful detainer and recovered judgment.

The defendant, who prosecuted this appeal, assigns for error that Keane's notice to quit was never served upon him in writing as the statute requires, and hence there is not sufficient evidence to support the judgment. This is the only error complained of.

Upon the trial the plaintiff offered in evidence the notice and return. "The defendant's counsel objected to it as irrelevant and immaterial to any of the issues in the case." The court overruled the objection and the notice was thereupon read. It begins as follows: "To Hugo Prill and *Fred Schlieff,* greeting. *You and each of you* are hereby notified," and then proceeds to give a notice to quit in apt terms.

The constable's return on the notice is as follows: "Served the within notice in the city of St. Louis, Missouri, this thirty-first day of August, 1892, by reading the same to the within named Fred Schlief, and also by delivering a true copy thereof *to the said Schlief for the within named Hugo Prill,* the said Schlief being at the time of service on the within described premises."

This was all the evidence touching the service of this notice, and the defendant contends that it has *no tendency to show* that a notice in writing to terminate the tenancy had ever been given to the defendant Schlief. Whether this contention is correct is the point for consideration.

We will concede the proposition contended for by appellant, which is supported by the weight of authority in other states, that, where the law requires notice in writing, the reading of a writing to the person to be notified is no compliance with the requirement. *Hart v. Gray*, 3 Sumner, 339; *Williams v. Brummel*, 4 Ark. 129; *Fitts v. Whitney*, 32 Vt. 589. An intimation to the contrary is contained in *Conway v. Campbell*, 38 Mo. App. 475, but this point did not arise for decision, and the expression was used *obiter* only. We also concede the further proposition contended for, that in unlawful detainer proceedings the plaintiff should be held to the proof of a strict compliance with all antecedent conditions of a right of recovery, because the consequences of his success subject the defendant to high penalties. Yet, conceding these, we must conclude that there was evidence in this case *tending to show* a compliance with the requirement of a notice in writing to the defendant.

The notice which was read to the defendant Schlief was an exact copy of the written notice which, according to the constable's return, was delivered to him. That notice was addressed to both Hugo Prill and Fred Schlief. The defendant Schlief, therefore, knew when the copy was delivered to him that it was a writing addressed to him which he had a right to read. In *School District v. Holmes*, 53 Mo. App. 487, 493, the evidence was that a notice of demand in an unlawful detainer proceeding was taken to the defendant's residence, where, at the defendant's request, a

copy of it was made by his wife, *which was left with her.* We held that this was evidence tending to show a notice in writing. In *Van Studdiford v. Kohn*, 46 Mo. App. 439, we intimated that any manner of service might suffice, when it clearly appears that the written notice in proper form reached the party sought to be affected in time provided by statute. A text writer, frequently quoted, in speaking of this subject says that "any manner of serving the written notice will suffice, when it can be traced to the hands of the party, for whom it was intended, in due time." Wade on Notice, sec. 640. As applied to the facts of this case that statement is not too broad.

We must, therefore, hold that there was evidence tending to show that the requisite notice in writing to terminate the tenancy had been given, and that the defendant's complaint, that there was no evidence in the case which could be submitted to the jury, is not well founded.

We have refrained from placing our decision on the ruling in *Drey v. Doyle*, 99 Mo. 459, 471, although that case certainly furnishes an additional reason for our upholding the judgment in the case at bar. It is evident that the objection made in this case to the constable's return was not more specific than in that case to the notice to quit. We do not wish to be understood as holding that evidence, which has no probative force whatever, can amount to proof of a fact simply because it has not been objected to.

The objection to the notice of demand of possession, namely, that it was a service by copy, is not tenable. Service by copy of such demand is sufficient. Revised Statutes, 1889, section 5124.

All the judges concurring, the judgment is affirmed.