JOHN F. MEYER *et al.*, Appellants, v. SAMUEL CHRISTIAN *et al.*, Respondents.

**St. Louis Court of Appeals, December 24, 1895.**

1. **Mechanics' Liens:** SERVICE OF SUBCONTRACTOR'S NOTICE TO OWNER. When a subcontractor's notice of his intention to file a mechanic's lien is not addressed to the owner but to a third person, the delivery thereof to the owner will not constitute a valid service.

2. ——: ——. The service of a notice of such intention on a member of the family of the owner to whom it is directed will not suffice, when it appears that personal service on the owner himself was feasible and there is no evidence that he actually received the notice.

3. ——: ——: TENANT BY THE CURTESY INITIATE. A tenant by the curtesy initiate is an owner within the purview of the statute governing mechanics' liens, and as such is entitled to such notice.

*Appeal from the Hannibal Court of Common Pleas.*
HON. REUBEN F. ROY, Judge.

AFFIRMED.

*David H. Eby* for appellants.

*Thomas H. Bacon* for respondents.

BIGGS, J.—The respondents, William and Eliza Kelly, who are husband and wife, entered into a contract with their codefendants, Christian and Beuttler, builders, to erect a house for them. The land upon which the structure was erected was in the personal occupation of the Kellys, the fee simple title thereto being vested in the wife, subject to the tenancy by the curtesy *initiate* of the husband, issue of the marriage having been born alive. The plaintiffs furnished Christian and Beuttler lumber for the construction of the building, which was used therein. The latter having failed to pay, the plaintiffs, within the time prescribed by statute, filed in the proper office a state-

ment of their account, properly verified, for the purpose of securing the benefit of the statute concerning mechanics' liens. Concerning these facts there seems to be no dispute. The present action is against Christian and Beuttler for the balance due on the account and to enforce the lien against the house and lot. Christian and Beuttler made default, and the judgment was against them for the debt. The respondents contested the lien, and the findings and judgment were for them. No instructions were asked or given. The plaintiffs appeal, and complain of the judgment as to the lien.

The main point of resistance against the enforcement of the lien seems to have been an alleged want of proper notice of the filing of the lien, and it is probable that the judgment of the trial court in reference to the lien was made to rest chiefly on that. If a subcontractor would obtain the benefit of such a lien, he must give "ten days' notice before the filing of the lien, * * * to the owner, owners, or agent, or either of them, that he holds a claim against such building or improvement, setting forth the amount and from whom the same is due." Revised Statutes of 1889, sec. 6723. The section further provides that "such notice may be served by any officer authorized by law to serve process in civil actions, or by any person who would be a competent witness. When served by an officer, his official return indorsed thereon shall be proof thereof, and, when served by any other person, the fact of such service shall be verified by affidavit of the person so serving."

The notice here was addressed to William Kelly *alone*. It stated that the lumber had been furnished to Christian and Beuttler for *his* residence. Some objection is made to the sufficiency of the notice, both as to its form and substance, which we need not notice.

The service, as shown by the affidavit of the person making it, was attempted by delivering a copy to Eliza Kelly, who is designated in the return "as the wife of the within named William Kelly." Was this a valid service on William Kelly? It has been repeatedly held that, where the statute requires a written notice and no method of service is provided, personal service is contemplated. *Ryan v. Kelly*, 9 Mo. App. 396; *Conway v. Campbell*, 38 Mo. App. 473; *Van Studdeford v. Kohn*, 46 Mo. App. 436; *Langan v. Schlief* 55 Mo. App. 213; *School District v. Holmes*, 53 Mo. App. 487. Thus, in the *Ryan* case, it was held that the service of the kind of notice we have here was not sufficient, where the delivery was made to a servant at the usual place of abode of the person to be notified. The ruling was that the service required was strictly personal; that is, the original notice or a copy must be delivered directly to the person to be notified. This rule has been somewhat modified or relaxed in the later decisions, wherein it is decided that any manner of service is sufficient, when it clearly appears that the notice or a copy thereof came into the hands of the person to be notified. Thus, in the *Langan* case, the notice was addressed to Hugo Prill and Fred Schlief, the defendant. The return was that the notice was served on Schlief by reading it to him, and on Prill by delivering a copy to Schlief for him. The service on Schlief was held to be good for the reason that the notice was directed to him and Prill, and that for this reason he had a right to read it, and hence was presumed to have had notice of its contents. So, in the *School District* case, the evidence was that a notice of demand in an unlawful detainer proceeding was taken to the defendant's residence, where, at the defendant's request, a copy of it was made by his wife which was left with her. We held that this was evidence tending to show

a notice in writing. In *Clark v. Keliher*, 107 Mass. 406, service of a notice upon the wife was held sufficient, where it affirmatively appeared that her husband, the tenant, was a traveling peddler and his whereabouts uncertain. In *Beiler v. Devoll*, 40 Mo. App. 251, service of a notice (terminating a tenancy) upon the tenant's wife was held to be good service on him. It does not appear from the report that the husband was absent and could not be conveniently served. We assume that this was a fact, for otherwise the ruling would be against all of the authorities. Applying the rule to the case in hand, it is obvious that the delivery of the notice to Eliza Kelly was no service of it on William Kelly, especially since no effort was made to prove that he actually received the notice, and since it affirmatively appeared that he was at home at the time of the attempted service.

But the argument is made that William Kelly was not an owner within the meaning of the statute, and, therefore, was not entitled to notice. Is there any merit in this? It is undisputed that Eliza Kelly acquired title to the lot in 1869; that the deed conveyed to her an ordinary estate without any exclusion of marital rights, and that she and her husband had a daughter who is now living. Under the common law the birth of the daughter entitled William Kelly to an estate for his own life, and *in his own right,* in the lot as tenant by the curtesy *initiate,* thus vesting in him a legal estate, it being a freehold during the joint lives of himself and wife, with a freehold in remainder to himself for life as tenant by the curtesy, with the reversion to his wife and her heirs in fee. *Dyer v. Wittler,* 89 Mo. 81; *RoBards v. Murphy, ante,* p. 90; *Canby v. Porter,* 12 Ohio, 79; *Foster v. Marshall,* 22 N. H. 491. Whether the recent enactments relating to the property rights of married women have in any

manner affected the curtesy estate of the husband, we need not discuss, as such enactments could have no retrospective operation. We, therefore, hold that William Kelly was an "owner" within the meaning of the statute, and that he was entitled to notice of the filing of the lien.

It is claimed that the wife was properly served. This is likewise untenable, for the reason that the notice was not directed to her, and hence she was not bound to read it or take notice of its contents. *Langan v. Schlief, supra.*

With the concurrence of the other judges, the the judgment of the lower court will be affirmed. It is so ordered.