JEREMIAH RYAN, Respondent, v. ANDREW J. KELLY ET AL., Appellants.

November 30, 1880.

1. Where the statute requires notice, without prescribing the method of service, personal notice is intended.

2. Personal notice must be given by a delivery thereof directly to the person to be notified.

3. The notice required under the mechanics' lien law cannot be served by leaving the original or a copy at the residence of the owner of the property to be charged, with a servant in his employ.

APPEAL from the St. Louis Circuit Court, LINDLEY, J.
*Reversed and remanded.*

MARSHALL & BARCLAY, for the appellants, cited: *Corneli* v. *Partridge*, 3 Mo. App. 575; *Clark* v. *Brown*, 22 Mo. 141; *Kiley* v. *Oppenheimer*, 55 Mo. 374; *Rathbun* v. *Acker*, 18 Barb. 393; *McDermott* v. *Board of Police*, 25 Barb. 635; *Lowell* v. *Wentworth*, 6 Cush. 221; *Brewster* v. *Newark*, 11 N. J. Eq. 114.

JOHN JOHNSON, for the appellants, cited: *Corneli* v. *Partridge*, 3 Mo. App. 575; *Leach* v. *Cargill*, 60 Mo. 316; *Rathbun* v. *Acker*, 18 Barb. 393; *McDermott* v. *Board of Police*, 25 Barb. 646; *Pearson* v. *Lovejoy*, 53 Barb. 407; *Brewster* v. *Newark*, 11 N. J. Eq. 114.

DONOVAN & CONROY, for the respondent, cited: *Hasset* v. *Rust*, 64 Mo. 325; *De Witt* v. *Smith*, 63 Mo. 263.

BAKEWELL, J., delivered the opinion of the court.

This was an action by a subcontractor against the contractor and owner, to enforce a mechanic's lien. Judgment was rendered enforcing the lien. The notice of lien was served by delivering the same at the usual place of abode of the owner of the property, with a servant girl in his employ. It is contended that this is not a compliance with the statute. If this view of appellants be correct, it necessarily follows that there was no evidence to support the verdict and judgment.

The statute provides (Rev. Stats., sect. 3190) that "Every person, except the original contractor, who may wish to avail himself of the benefit of this act [the act concerning mechanics' liens] shall give ten days' notice before the filing of the lien, as herein required, to the owner, owners, or agent, or either of them, that he holds a claim against such building or improvement, setting forth the amount, and from whom the same is due." The Practice Act (Rev. Stats., sect. 3505) provides that notices shall be in writing, and may be served on the party or his attorney, by delivering to either of them a copy in writing, or by leaving the same at the usual place of abode of the party

or his attorney, with some person over fifteen years old, or
with the clerk of the party or his attorney. This provision
applies to notices required by the act in which it is embodied.
It has no application to notices required by the mechanics'
lien law. As was said by the court in *Corneli* v. *Par-
tridge*, we are of opinion that where notice is required, with-
out any qualification of the term, personal notice is intended ;
and by personal notice we mean notice delivered directly
to the person to be notified, and not notice served by deliv-
ering the original or a copy to his servants or members of
his family at his house. Leaving the original or a copy at
the residence with some one other than the person to be
served is, perhaps, sometimes spoken of as personal ser-
vice, in a loose way, where there can be no mistake about
the real meaning, — as, in case of bills and notes, — to dis-
tinguish it from service through the mail. But personal
service is, properly, service upon the person to be served.
And the general rule undoubtedly is, that where notice is
required by statute, and the method of service is not pre-
scribed, personal service is meant. *McDermott* v. *Board
of Police*, 25 Barb. 635 ; *Rathbun* v. *Acker*, 18 Barb. 393.

It is true that the doctrine in Missouri is that the me-
chanics' lien law should receive a liberal construction ; but
it is a mistake to suppose that the courts are to do away,
by construction, with the plain provisions of the act. The
law, for obvious reasons, provides that the owner whose
property is made liable for an indebtedness not arising out
of any contract to which the owner of the property to be
charged with the lien was a party, shall be served with no-
tice. The statute provides for the case of the absence or
non-residence of the owner, by prescribing that the notice
may be served upon the owner or his agent ; but the statute
neither specifies nor indicates any other service than per-
sonal service, and whenever this is the case, it is settled
that personal service is meant. To the cases cited by ap-
pellants to this effect, and to those referred to above, a mass

of citations might be added ; and we know of none to the contrary. Where the Legislature has prescribed the mode in which notice shall be given, the courts cannot substitute some other form of notice as an equivalent.

The judgment is reversed and the cause remanded. All the judges concur.