HELTZEL v. THE KANSAS CITY, ST. LOUIS & CHICAGO RAIL-
ROAD COMPANY *et al.*, *Appellants.*

1. **Railroads :** LIEN FOR MATERIALS : SERVICE OF NOTICE. A party seek-
ing to enforce a lien against a railroad for materials furnished in its
construction, in the absence of all the officers of the company caused
a notice of his claim to be served on a person who had desk-room
in the office of the company, but no connection with its affairs.
*Held,* that this was not service upon the company, and did not,
therefore, fulfill the requirements of section 3202, which makes the
service of such notice upon the company an essential prerequisite
to a lien.

*Appeal from Audrain Circuit Court.*—HON. G. PORTER,
Judge.

REVERSED.

*Macfarlane & Trimble* for appellants.

*S. M. Smith* for respondents.

NORTON, J.—This suit was commenced under section
3200, Revised Statutes, and sections following, to establish
and enforce a lien against the Kansas City, St. Louis &
Chicago Railroad Company, for cement sold by plaintiff to
Reid & Taylor, sub-contractors in building said road, to be
used in the construction thereof. The petition alleges the
sale and delivery of several lots of cement amounting in
the aggregate to the value of $540, the first lot of which
was delivered on the 31st day of May, 1878, and the last
the 9th day of September, 1878. It also alleges the filing
of the account sued upon in the office of the clerk of the
Audrain circuit court within ninety days after the indebt-
edness accrued, and also service of notice within ninety
days after the incurring of the debt, and the commencing
of the suit within ninety days after filing said account.
The answer was a general denial, and on the trial plaintiffs
obtained judgment for $503, which was declared to be a lien

on said road. From this defendant has appealed, and the chief ground relied upon for reversal of the judgment is that defendant corporation was not served with notice in the time and manner required by law.

The question as to the sufficiency of the service of notice was raised on the trial by defendant objecting to the introduction in evidence of the following service, viz: " Served this notice in the city of St. Louis on the 7th day of October, 1878, by delivering a copy thereof to Robert Park in the office of the Kansas City, St. Louis & Chicago Railroad Company, he having charge of said office, the president or other chief officer of said railroad company being absent from the city and could not be found."

The question as to the manner of serving notices on domestic corporations, so as to create a lien for materials furnished to a contractor to be used in constructing its road, was before this court in the case of *Heltzell v. Chicago & Alton R. R. Co., ante,* p. 315, and it was held that in the absence of any statute prescribing the manner of serving such notices, the service should be made on the chief officer or managing agent of such corporation, and when it cannot be had on either of such officers, service on any officer whose official relations to the governing body, or managing agent or chief officer of the corporation, would make it his duty to communicate such notice to such body, agent or officer.

Testing the above service offered in evidence by the rule laid down in that case, we must hold it to be wholly insufficient, because it does not appear upon the face of the notice that Robert Park, upon whom it was served, was an officer of said company, or sustained any official relations whatever either to the company, its managing agent or chief officer, nor was it attempted to be shown by other evidence that he had any connection with the company or its officers, but, on the contrary, it was shown that said Park was the secretary of the Louisiana & Mississippi. River Railroad Company, and occupied as such a desk in the office of the

defendant corporation, and that he had nothing whatever to do with the business of the defendant corporation, except that he had desk-room in the office. The court erred in overruling defendant's objection to the sufficiency of said service and receiving it in evidence, and for this error the judgment will be reversed and cause remanded. All concur.