THE CITY OF SEDALIA, Appellant, v. JOHN B. GALLIE, Respondent.

### Kansas City Court of Appeals, April 25, 1892.

Municipal Corporations: THIRD–CLASS CITIES: ASSESSMENT OF BENEFITS: NAME OF LOT-OWNER.  In cities of the third class in assessing benefits for the opening and extension of streets, the statute requires the assessment to be made in the name of the owner of the lot benefited, and separately against each lot with the benefit chargeable to it; and the property-owners should be served with personal notice of the appointment of the jury of freeholders to make the assessments, as, where a statute requires notice without prescribing the method of service, personal notice is intended.

*Appeal from the Pettis Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*John Cashman*, for appellant.

(1)   No direct adjudication is required as to ownership, and the omission of defendant's name in connection with the assessment against his property, resulting in no prejudice whatever to his property rights, and he being personally present when the

assessment was made, and in full possession of all notice that an assessment in his name could possibly impart, the tax bill being issued in his name, and he being properly made a defendant in this suit, is all that can be required, and he is now estopped from any attempt to escape the payment of this tax, by which the value of his property has been greatly enhanced, on account of an alleged irregularity which was committed, if at all, in an attempt to particularly meet and comply with the spirit of the law, which specially intends and provides that the property and not the person shall be liable for the price of the improvement. *Seibert v. Allen*, 61 Mo. 582; *Gray v. Railroad*, 31 Mo. 126. (2) The notice to property-owners, published in the official city paper, whose property was to be assessed benefits, was sufficient, and were it insufficient the defendant cannot complain, for the reason that he was personally present before the commissioners at the time of the hearing and assessment; knew the amount of the same, knew that it was assessed to him, and that it was assessed against the particular lots or parcels of ground sought to be charged, and he thereby waived any defect in the notice; and if he felt aggrieved his only remedy was an appeal from the assessment and finding of the said jury of freeholders. *Sheehan v. Owens*, 82 Mo. 458; *Creamer v. McCune*, 7 Mo. App. 91; *Allen v. Rodgers*, 2 Mo. App. 290; *Kemper v. King*, 11 Mo. App. 116, 129.   (3) This is a suit strictly *in rem*, and it is not necessary that the assessment should be made by the jury of freeholders in the name of anyone; it is only required that the suit, when instituted for the purpose of fastening the lien of the tax bill upon the property, should provide a personal defendant, and this does not mean that it must, in order to render the judgment valid, be brought against the real owner, *Vance v. Corrigan*, 78 Mo. 94.

*G. W. Barnett,* for respondent.

(1)  There is no assessment against anyone, but the assessments of the freeholders read in evidence simply assess a list of town lots. The assessment should be against the owner. He is the one who is presumed to be benefited, and who has the assessment to pay. He is assessed with reference to his property, and with reference to his benefits. Hence, the assessment read in evidence is void. R. S., sec. 1524, pp. 434, 435; *Abbott v. Lindenbower,* 42 Mo. 162; *Gaines v. Fender,* 82 Mo. 497, and authorities there cited; *Newby v. Platte Co.,* 25 Mo. 258; *Whitney v. Thomas,* 23 N. Y. 281; Cooley on Taxation, 278; 2 Desty on Taxation, p. 1328; *Taylor v. Donner,* 31 Cal. 480; *Hammelan v. Hoadley,* 44 Cal. 480; 2 Desty on Taxation, pp. 1241, 1242, and authorities there cited; *Taylor v. Donner,* 31 Cal. 480; *Smith v. Davis,* 30 Cal. 536; *People v. Utica,* 7 Abb. (N. C.) 414; *Stockton v. Whitmore,* 50 Cal. 554; *Allen v. Galveston,* 51 Tex. 318; Elliott on Roads & Streets, p. 371; *Vance v. Railroad,* 30 Ark. 439; *Nelson v. LaPorte,* 33 Ind. 258; *Caldwell v. Rupert,* 10 Bush (Ky.) 182; *City of St. Louis v. Rankin,* 96 Mo. 507. (2) No personal notice was given to defendant in this case of the appointment of the jury of freeholders. The statute (sec. 1524) requires notice to be given to the owner of the appointment of the jury of freeholders, and, when notice is required by statute without prescribing the method of service, personal notice is intended. *Ryan v. Kelly,* 9 Mo. App. 396; *Corneli v. Partridge,* 3 Mo. App. 575; *Fowler v. St. Joseph,* 37 Mo. 238. And the fact that defendant may, in fact, have known of the appointment of the jury, is not sufficient. (3) There were four lots assessed together, and one sum assessed against them all, instead of assessing a certain amount against each.

lot separately.   Such an assessment is void.   *Fowler v. St. Joseph, supra; St. Louis v. Clemens,* 49 Mo. 552; *Corporation of Washington v. Pratt,* 8 Wheat. 682.

GILL, J.—This suit is on a special tax bill based upon an alleged assessment of benefits against lots 8, 9, 10 and 11 in block 2 of the original plat of the city of Sedalia, for the opening and extending of Ohio street northward.   The city by ordinance prescribed a district within which benefits might be assessed, and a jury of freeholders were appointed to assess damages and benefits.   Sedalia is a city of the third class and the proceeding giving rise to the issue of the tax bill in suit is claimed to be authorized by sections 1514 and 1524, Revised Statutes, 1889, and certain ordinances claimed to be passed in pursuance thereof.

The evidence at the trial disclosed that the only notice given to this and other property-holders that a jury of freeholders had been appointed to assess benefits, and of the time and place when they would hear evidence and make the assessment, was by publication in a newspaper, and that the ordinance prescribed the giving of the notice by publication, and provided for no other notice.   At the trial the assessment of the jury of freeholders read in evidence shows that they assessed lots 8, 9, 10, 11, block 2, the sum of $75, but makes no assessment against this defendant or any other person, nor was any owner named.   The lots are not separately assessed, but the four were assessed $75 in the aggregate without specifying the burden to be borne by each.

The defendant urges the following objections against the tax bill:   *"First.*   Because the defendant is not assessed, but that the lots in question are simply assessed as being benefited, without being assessed in the name of anyone as owner.   *Second.*   That the

assessment of a gross amount against four lots, instead of fixing the amount on each lot separately, renders the assessment void. *Third.* That the notice should have been by personal service, instead of by publication." The cause was tried before the court sitting as a jury, judgment was rendered for defendant, and the plaintiff city appealed.

I. Section 1514, Revised Statutes, 1889, grants authority to cities of the third class (to which Sedalia belongs) to open, widen or extend streets, etc.; "provided that all damages sustained by the citizens of the city or the owners of property therein shall be ascertained as prescribed in section 1524," etc. Turning then to said section 1524, provision is made for condemnation proceedings and for the appointment of five disinterested freeholders to make the assessment of damages and benefits and proceeds: "And, in determining the same, said jury of freeholders shall consider the benefits resulting to, as well as the damages sustained by, the owner of the property so taken; and said jury of freeholders shall, moreover, estimate the amount which other persons owning adjacent property within the limits hereinafter provided will be benefited thereby, who shall contribute toward compensating the person injured, and such assessment shall constitute a lien in favor of the city on the said adjacent property, all of which shall be returned under their hands and seals; and the person or persons who shall be benefited and so assessed shall pay in such manner as shall be provided by general ordinance, and the residue, if any, shall be paid out of the city treasury.  *  *  *  And the owners of private property within such limits shall be notified of the appointment of said jury of freeholders."

This statute clearly directs the naming of the land charged with benefits. When then the commissioners

sought to charge defendant Gallie's lots, the assessment should have been against him as owner. But the report here shows that no mention was made of the owner; the lots were assessed, but Gallie's name as owner was entirely omitted. This, of itself, is sufficient to invalidate said assessment in so far as defendant's lots are concerned. *Abbott v. Lindenbower*, 42 Mo. 162–167; *Gaines v. Fender*, 82 Mo. 507, 508; *Taylor v. Donner*, 31 Cal. 480; *Whitney v. Thomas*, 23 N. Y. 285–6. These proceedings are subject to a strict construction; every substantial requirement of the law must be complied with or the owner's land cannot be charged. 2 Desty on Taxation, 1241; Cooley on Taxation, 276. It matters not that personal judgment cannot be had against the owner for these local assessments; the statute must be obeyed. If it is provided thereby that in making such assessment it shall be charged against one as the owner of the land, then no lien is created unless such provision is followed. *Seibert v. Allen*, 61 Mo. 488.

II. Again, this attempted charge on defendant's lots must fail because the benefits were assessed against four parcels of property altogether in one gross sum. Clearly, these lots should have been separately assessed with the benefit chargeable to each. *Fowler v. City of St. Joseph*, 37 Mo. 227; *City to use of McGrath v. Clemens*, 49 Mo. 552.

Neither was such notice given to the defendant as the statutes provides. Section 1524 reads: "The city authorities shall, before the appointment of said jury of freeholders, define by ordinance the limits within which private property is benefited by said change, etc., * * * and the owners of private property within such limits *shall be notified* of the appointment of said jury of freeholders." Where the statute requires notice without prescribing the method of

service, personal notice is intended. *Ryan v. Kelly*, 9 Mo. App. 396. This statute then, which is the organic and controlling law of Sedalia, demands personal service of notice on the owner whose land is to be assessed with benefits. The publication, therefore, in a newspaper did not fill the requirement of this statute, and, hence, was no notice at all. And so the ordinance of Sedalia providing for such notice by publication is clearly void as being in conflict with the city charter. "The legislature may prescribe what the manner of the notice shall be; and when the statute so provides its terms must be complied with in order to a valid assessment." *City of St. Louis v. Rankin*, 96 Mo. 506.

Judgment affirmed. All concur.