WILLIAMS & PEARSON v. DITTENHOEFER, SOUTHERN MISSOURI & ARKANSAS RAILROAD· COMPANY, and ST. LOUIS, MEM-PHIS & SOUTHEASTERN RAILROAD COMPANY, Appellants.·

Division One, March 30, 1905.

1. **CONTRACTOR'S LIEN: Station Agent: Assumption: No Objection.** Where in a suit to enforce a subcontractor's lien against a railroad company for construction work, proof of service of the account was attempted to be made by a showing of an acknowledgment of service by a station agent, and the only objection to that offer was that such notice·could not be served upon a station agent, the company on appeal will not be heard to say that there was no proof that the agent was the agent of the company, but on the contrary the objection assumes that he was its agent. The trial court will not be convicted of an error when it was given no opportunity to pass on the point.

2. ———: ———: **Place of Service.** The plaintiff, in a suit to enforce a contractor's lien against a railroad company, in order to show service of the lien paper or account upon the company, introduced an acknowledgment thereon in these words: "Received a copy of within, this 27th day of November, 1901. H. E. Johnson, station agent of Southern Missouri & Arkansas Railroad Company." *Held*, that this acknowledgment does not show that the paper was left at the business office of the corporation in Poplar Bluff with the agent in charge; it can not be made to say that the station was at Poplar Bluff, or that it was· left at any business office of the company there or anywhere else.

Williams v. Dittenhoefer.

3. **NOTICE: Service.** Where notice is required by statute and no manner of service is prescribed, personal service is meant.

4. **CONTRACTOR'S LIEN: Creature of Statute: Service of Notice.** The lien given by the statute to contractors and subcontractors for work performed in the construction of the roadbed of a railroad, is wholly a creature of the statute, and service of notice of the lien account "on the person or corporation owning or operating or having charge of said road or of the property to which said lien attaches," is a condition precedent to the right of a subcontractor to sue to enforce it; and the statute nowhere pointing out how or on whom the service is to be made, personal service is meant. And personal service on a domestic corporation, in such case, may be made, where service can not be had on its chief officer or managing agent, by service on any officer whose official relation to the governing body or managing agent or chief officer is such as would make it his duty to communicate such notice to such body, agent or officer.

5. ————: **Service of Notice: On Station Agent.** The duties of a station agent of a domestic railroad company, *per se*, do not require him to communicate to the chief officer or managing officer or governing body the fact that he had been served with a copy of the account filed by a subcontractor in a proceeding to obtain a lien upon the property of the company for work done in constructing its roadbed; and in the absence of a statute expressly providing for service on him, it can not be held that notice of the lien account served on him is sufficient to enable the subcontractor to maintain a suit to enforce the lien.

6. ————: ————: **Railroad Corporation: General Office: Presumption.** The presumption is that a domestic railroad corporation has a general office within this State, located on or near the line of its road, as the law requires.

7. ————: ————: ————: **Residence of President: Matters Dehors Record.** A suggestion *dehors* the record that the president of a domestic railroad company resided in another State can not be considered in the appellate court. But even if that were the fact, it was no obstacle in the way of a proper service upon some other proper officer meeting the spirit and obvious intent of the law.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED.

*L. F. Parker, James Orchard* and *E. H. Seneff* for appellants.

(1) There is no service of the notice in this case. The statute is that it shall be the duty of all persons claiming said lien within said ninety days to serve a copy of the account on the person or corporation owning or operating or having charge of said road or of the property to which said lien attaches. R. S. 1899, sec. 4241. The statute makes no provision for serving this notice. Where notice is required by statute without prescribing the method of service, personal notice is intended, and personal notice must be given by a delivery thereof, directly to the person to be notified, and not by delivering the original or a copy to his servants or members of his family at his house. 15 Am. and Eng. Ency. Law, p. 134. The notice required under mechanic's lien law cannot be served by leaving the original or a copy at the residence of the owner of the property to be charged with a servant of the family. Ryan v. Kelly, 9 Mo. App. 396; Sedalia v. Gallie, 49 Mo. App. 397. It is true that in the absence of statutory mode of service on a corporation, when it cannot be had on the chief officer or managing agent, if served upon any officer whose official relation to the governing body or managing agent or chief officer would make it his duty to communicate the notice, would be sufficient. A secretary is such an officer. Heltzell v. Railroad, 77 Mo. 315. It is also said by the court in another case that it was held in the absence of any statute prescribing the manner of service of such notices, the service should be made on the chief officer or managing agent of such corporation, and when it can not be had on either of such officers, service on any officer whose official relations to the governing body or managing agent or chief officer of the corporation would make it his duty to communicate such notice to such body, agent or officer, would be sufficient. Heltzell v. Railroad, 77 Mo.

483. (2) There was no evidence that H. E. Johnson
was the agent of the railroad.

*E. R. Lentz* for respondents.

(1) Appellants claim that there was no proof that
H. E. Johnson was the agent of the railroad company.
In reply to that contention attention is called to the
fact.   Johnson himself received a copy of the lien
statement and signed a receipt for the same, in which
he designates himself as "station agent of the South-
ern Missouri and Arkansas Railroad Co." This re-
ceipt was offered and read in evidence on the trial.
No objection was taken, at the time, to the introduction
of this receipt in evidence, other than that counsel ob-
jected as follows: "We object to a service of that kind
of a paper upon the agent." Besides, the summons is-
sued in this case was served upon the same H. E. John-
son as station agent of said railroad company in charge
of its office at Poplar Bluff, Missouri, and the sheriff's
return so shows it.  No objection was made at any time
that Johnson was not the agent of the railroad com-
pany.   Johnson's receipt shows that he was the agent.
This receipt was admitted without objection, and it
is too late to raise that question now.  Besides, this re-
ceipt is sufficient proof of agency in the absence of a
showing to the contrary.  It is not even now contended
that Johnson was not the agent of the company.  (2)
It is next insisted that the service of notice upon the
station agent of the defendant railroad company is
not service upon the railroad company.  The statute
in relation to corporations provides that all notices,
etc., required to be served in the progress of any cause
shall be served the same as in other civil cases.  R. S.
1899, sec. 998.  Service of summons upon corporations
may be had by delivering a copy of the writ to the pres-
ident or other chief officer, or in his absence by leaving
a copy thereof at any business office of such corporation

with the person in charge thereof. R. S. 1899, sec 995. The copy of the lien statement was left at the business office of the corporation in Poplar Bluff, Missouri, with the agent in charge and he acknowledged receipt thereof in writing. It was a matter of common notoriety that one Newman Erb was president of the Southern Missouri & Arkansas Railroad Company and also of the St. Louis, Memphis & Southeastern Railroad Company; that the residence of said Erb was in New York city, and that he was not a resident of Missouri. The returns of the writs of summons issued in this case show that the president could not be found in Butler county nor in Cape Girardeau county, Missouri. These returns are a part of the record proper, and the court will take notice of them, even though not offered in evidence. In the absence of the president or other chief officer, service of the lien statement upon any officer whose duty it would be to communicate such notice to the governing body or chief officer will be sufficient. Heltzell v. Railroad, 77 Mo. 317; Heltzell v. Railroad, 77 Mo. 483. Service of the lien statement upon the station agent of a foreign corporation is service on the company. Morgan v. Railroad, 76 Mo. 176. When the testimony was offered to prove the service of copy upon the agent, no objection was then taken to its introduction upon the ground that it was not shown that the president was not in the county at the time. Had such objection been made at the time, the court would probably have sustained the objection and plaintiffs supplied the proof. But no such objection was made and no exceptions saved. It is now too late to raise the question in this court. Newton v. Miller, 49 Mo. 298; Green v. Walker, 99 Mo. 68; Distilling Co. v. Lock, 59 Mo. App. 637; Boggs v. Laundry Co., 86 Mo. App. 616; Stark v. Knapp & Co., 160 Mo. 529.

LAMM, J.—The Southern Missouri & Arkansas Railroad Company is a domestic railroad corporation,

and in 1901, built a railroad from the city of Cape Girardeau through the county of the same name, as well as the counties of Bollinger, Stoddard, Wayne, Butler and Ripley to the line between Missouri and Arkansas, and thence into Arkansas. It let a contract for the construction of its roadbed, etc., to Irvin M. Dittenhoefer, who in turn contracted a portion of the work to Killebrew & Co., a firm, and they in turn contracted with respondents, who performed.

A dispute arising over the classification and payment for material in embankments as "earth" which, it was contended, should have been classified and paid for as "loose rock," respondents, within ninety days after completing their work, filed an alleged just and true account of the amount due them after all just credits had been given, stating the facts alleged to be necessary to constitute a lien under article 4, chapter 47, Revised Statutes 1899, in the office of the clerk of the circuit court of Butler county, and, within due time, sued to enforce their statutory lien.

Dittenhoefer was made a party, but, failing in service, the cause was dismissed as to him. Killebrew & Co. were not sued. After the completion of the work and the filing of the "lien paper," the Southern Missouri & Arkansas Railroad Company sold out to its coappellant, the St. Louis, Memphis & Southeastern Railroad Company, and both said corporations were made parties defendant in the suit.

At a trial, with the aid of a jury, a judgment resulted establishing the indebtedness of Killebrew & Co. to respondents at $16,512.97, and a lien for said sum was foreclosed on the railroad formerly known as the Southern Missouri & Arkansas Railroad and now known as the St. Louis, Memphis & Southeastern Railroad, including its roadbed, station houses, depots, bridges, rolling stock, real estate and improvements, and a special *fi. fa.* ordered issued.

From this judgment the two corporate defendants duly appealed.

It should be said at the threshold that the assignment of errors both in quantity and quality reflect credit on the versatility of counsel, but such errors need not be considered in blanket form or in severalty for the following reasons: the turning point in the case, in our opinion, relates to the notice of the lien or account, and since the real debtors against whom a judgment *in personam* might go are not parties to the record, it results that the proceeding is essentially one *in rem* and that any judicial discussion of the points not necessary to the decision of the question of notice, would rise to the mark of mere *obiter* and no higher.

Eliminating, then, as a work of supererogation, any detailed statement of the exhaustive pleadings, instructions and the other points directed to the paper and trial issues, let the following statement of the crucial question suffice:

In their petition, as was necessary, respondents averred "that they did within the said ninety days from the completion of said work, serve upon the Southern Missouri & Arkansas Railroad Company, it having charge and control of said railroad, a true copy of said account, as required by section 4241 of said Revised Statutes of 1899."

This allegation among others was denied in the answer, and respondents held the laboring oar on the proof. The record preserves the following on the proof of notice:

"Mr. Lentz: I now desire to offer in evidence the receipt of H. E. Johnson, station agent of the Southern Missouri & Arkansas Railway Company at Poplar Bluff, Missouri, endorsed on the back of a copy of the lien statement, which has been read in evidence.

"Mr. Burroughs: We object to a service on the agent of that character of a paper.

Williams v. Dittenhoefer.

"The Court: I will reserve my ruling on that for the present.

"Mr. Burroughs: We except.

" 'Received a copy of within, this 27th day of Nov. 1901. H. E. Johnson, Station Agent of Southern Missouri and Arkansas Railroad Company.' "

It has not been pointed out to us, nor have we been able to put our finger on the place in the record where a more specific ruling was made by the court, *nisi*, than above indicated, but as the ruling, such as it was, resulted in the introduction of the proof of service in evidence, and as there was no other proof of service of notice, and as proof in some form was imperative, we will treat the interlocutory ruling as final, precisely as counsel on both sides have done in briefs.

At the close of the case appellants asked and were refused a peremptory instruction and saved their exception.

Did the court commit reversible error in its disposition of the proof of service and err again on that behalf in refusing the peremptory instruction?

I. A secondary contention is discussed by counsel which may be stated thus: Appellants assert that there is no proof that H. E. Johnson was at the time station agent of the Southern Missouri & Arkansas Railroad Company. To this respondents' counsel replies, and we think conclusively, that no such point was made below. Appellants contented themselves below with one specific objection and that one did not cover or relate to the fact that there was no proof of Johnson's agency. To the contrary, the objection made *assumed* the existence of the agency and the scope of the agency, to-wit, the duties of station agent for appellant, and such being the case no violence will be done to the practical administration of the law by confining appellants to the bed they made for themselves to lie in. The trial court was entitled

to know the grounds of the .objection.  In obedience to
that rule of practice appellants stated their ground to
be, in effect, that such notice could not be served on a
station agent.   This objection proved ineffective.  Had
the additional objection been made that there was no
evidence that Johnson was in fact station agent, doubt-
less it would have been sustained and the proof at
once supplied.   To make one objection below for the
trial court to pass on and then veer about and make
another and a different objection on review would be
to treat the trial court unfairly and make a palpable pit-
fall and snare of the law.   The versatile arts of the
prestidigitator may give a glow of zest to moments of
relaxation or ennui, but have no conventional place in
the serious affairs of justice and must be disallowed in
matters of gravity.

II.   The compelling question raised by the objec-
tion is whether, assuming Johnson's agency and con-
ceding the scope of his agency to be that of station
agent, service of a copy of the "lien paper" or account
on Johnson as station agent, was service on appellant
corporation, the Southern Missouri & Arkansas Rail-
road Company, as contemplated by law.

Respondents' counsel insist the paper was left at
the business office of the corporation in Poplar Bluff
with the agent in charge.   In the view we take of the
matter, this insistence is not decisive of the case, were
it maintainable.   But is it maintainable even by infer-
ence?   We think not.   The receipt is the silent and
only testimony. In it Johnson describes himself as "sta-
tion agent" of appellant.   By inference the conclusion
may be drawn that on the 27th of November, 1901, ap-
pellant had a "station" which Johnson had charge of
as agent, but read however blandly it can not be made
to say that the station was at Poplar Bluff, nor does it
set forth aught relating to where the paper was left, .

or that it was left at any business office of appellant at Poplar Bluff or anywhere else.

The pertinent part of the statute providing for notice is as follows.

"Section 4241. It shall be the duty of all persons claiming the benefit of such lien, within ninety days next after the completion of the work, or after the materials are furnished, to file in the office of the circuit clerk of any county through which said railroad is located, a just and true account of the amount due after all just credits have been given, which account shall state . . . ; and it shall be the duty of all persons claiming said lien, within said ninety days, to serve a copy of the above account on the person or corporation owning or operating or having charge of said road or of the property to which said lien attaches."

It is said the object to be subserved by this notice and similar notices is to put the owner on his guard and protect him against payments to the contractors in privity with him, while outstanding claims of workmen, subcontractors and materialmen exist, to the end that, if possible, he may retain from the original contractor enough of the contract price to indemnify him against loss. [Henry v. Plitt, 84 Mo. l. c. 240; Henry v. Evans, 97 Mo. l. c. 55-6; Morgan v. Railroad, 76 Mo. l. c. 172.] The scope and character of the notice, to-wit, a copy of the true account, indicate a further intention of the lawmakers to arm the owner with all *data* necessary to an intelligent understanding of accounts existing between others and which threaten his property, to the end that a settlement may be made without the cost and embarrassments of litigation, if he so elect.

The lien is wholly a creature of the statute and the service of this notice is a condition precedent to the right of a subcontractor to sue to enforce it, but the statute nowhere points out how, or on whom, this service may be made, other than the general direction that

it shall be served on "the person or corporation own-ing," etc.

When service of notice is required by a statute and no manner is prescribed, personal service is meant. [21 Am. and Eng. Ency. Law (2 Ed.), 583; Ryan v. Kelly, 9 Mo. App. 396; Sedalia v. Gallie, 49 Mo. App. 392; Allen v. Mfg. Co., 72 Mo. l. c. 328; Lounsbury v. Railroad, 49 Ia. 255; Cosgrove v. Railroad, 54 Mo. l. c. 499; Haldane v. United States, 69 Fed. 819.]

As corporate bodies have no hands, feet or heads but their officers and agents, and as they live, move, act, and think through such officers and agents, the governing body or president of the corporation, or the chief managing agent for that time, in the eye of the law, becomes the corporation itself for the purpose of personal service, if such officer, governing body or agent of that rank can be got at.

Notice to an agent of a corporation is, by a fiction of the law, held to be notice to the corporation itself of matters within the scope of his agency and not otherwise. Such is the general doctrine of standard text-writers. [Story on Agency (9 Ed.), sec. 140, 140a; Angell and Ames on Corporations (11 Ed.), sec. 305; 1 Morawetz on Corp. (2 Ed.), secs. 540b, 540c.] And this general principle runs through all the cases like the marking red thread runs through the cordage of the British navy.

In the case of a foreign railroad corporation it has been held that service of the notice or copy of the account contemplated by section 4241, supra, may be made on a station agent. [Morgan v. Railroad, 76 Mo. 161.] Some of the language used by RAY, J., in the Morgan case may seem at first blush broad enough to include domestic corporations within the rationale of the case, if it were permissible to apply the language mechanically and without discrimination, but it may be observed that a majority of the court did not fully adopt all that was said *arguendo* in that case, since

SHERWOOD, HENRY and HOUGH, JJ., base their concurrence on the state of the pleadings alone and agree only in the result reached. At all events, the reasoning of the Morgan case is not applicable to the case at bar.

In two later cases the question of service of statutory lien notices on a domestic corporation came before this court. [Heltzell v. Railroad, 77 Mo. 315, and Idem v. Railroad, 77 Mo. 482.] In the first of these cases it was said: "It is provided by law how and upon whom all writs of summons and all notices, orders and rules in the progress of any cause directed to a corporation, shall be served; but there is no statute of this State prescribing upon what officer or officers of a domestic corporation notices shall be served which are required by law to be served *before* the institution of a suit in order to fix a lien or give a right of action. In the absence of any legislative enactment providing how such notices shall be served, it would seem reasonable to hold *when service cannot be had on the chief officer, or managing agent of the corporation, service on any officer whose official relation to the governing body or managing agent or chief officer of the corporation, would make it his duty to communicate such notice to such body, agent or officer, will be sufficient.*"

In that case it was held that the following return as proof of service was good: "Served this notice in the city of St. Louis on the 5th day of October, 1878, by delivering a copy thereof to R. P. Tansey, secretary of the Kansas City, St. Louis & Chicago Railroad Company, the president thereof being absent from the city and could not be found. JOHN FINN, sheriff city of St. Louis." So that the case amounts to an adjudication that a secretary is a proper officer, in the absence of the president or managing agent, on whom service may be had of a notice of the lien, and amounts furthermore to an authoritative suggestion that any other corporate

officer or agent whose duties are of such dignity, intimate connection and bond of union with the president, or managing agent of the corporation, or governing body of the corporation, as to make it his duty to communicate such notice to them or either of them, would be a proper officer to make service upon in the absence of such chief officer or managing agent.

The other case, 77 Mo. 482, simply holds that a stranger to defendant corporation who had desk room in the office of the company was not a proper party on whom service could be made and throws no light on the precise matter now under consideration.

Looking at the general policy of our laws, as indicated by living, cognate enactments, it will be seen that no other conclusion can be reached than that announced in the Heltzell case, supra; e. g., by section 998, Revised Statutes 1899, provision is made for serving notices, orders and rules in the progress of any cause on domestic corporations and it is directed that they be served in like manner as in other civil cases. In other civil cases they are served upon the opposite party or his attorney. [R. S. 1899, secs. 586, 716, 822.]

It is true that "writs of summons," by virtue of express statute, may be served on domestic corporations by making service on the "president or other chief officer, or, in his absence, by leaving a copy thereof at any business office of said company with the person having charge thereof," etc. [R. S. 1899, sec. 995.] A station agent, other conditions present, becomes *pro hac vice*, in that instance an agent on whom service of that character of writ may be made, but in the absence of express enactment providing for service of a notice of lien on the corporation by giving it to a mere station agent, it cannot be held that such service is good; for the duties of a station agent *per se* do not bring him within the reason of the rule announced in Heltzell v. Railroad, supra. To this condition of things the maxim, *cessante ratione, cessat et ipsa lex,* applies.

The courts recognize a distinction between service of summons, which by virtue of the peculiar terms of statute law may be made indirectly or constructively on a person by leaving it with a member of the family over fifteen years of age (R. S. 1899, sec. 570), or on a domestic corporation in accordance with the terms and under the provisions of section 995, and the service of a lien notice prior to suit under the mechanic's lien law. In the latter case indirect service will not do. [Ryan v. Kelly, 9 Mo. App. 396; Meyer v. Christian, 64 Mo. App. 203.] And we are of opinion the service of notice is bad in this case both on reason and authority.

No hardship results from this construction; for every domestic railroad corporation, under a heavy penalty, must have a general office within this State located on or near the line of its road. [R. S. 1899, secs. 1022 and 1023.] At such general office must be kept the offices of the superintendent, general manager or director, traffic manager, auditor, treasurer, paymaster, general freight agent and general ticket and passenger agent, under whatever name the duties usually pertaining to such offices may be transacted. No suggestion is made here that such easily-accessible general office did not exist. The presumption is it did exist and that a chief or managing corporate officer, or some officer or agent of the corporation whose corporate and official duty it was to communicate such notice to the chief or managing officer or governing body, existed and was accessible. Suggestion is made, *dehors* the record, that the president of appellant resided in New York, but this suggestion can not be considered, and if the facts were as suggested, it throws no obstacle in the way of proper service on some other corporate officer meeting the spirit and obvious intent of the law.

Respondents lost their lien; their rights, if any, must be established against those with whom they contracted. Appellants' objection to the admission of Johnson's receipt of the copy of the lien account should

have been sustained and their peremptory instruction should have been given. The cause is reversed.

All concur, except *Brace, P. J.,* who is absent.